## WILLIAM S. HUNGERFORD, Respondent.

*vs.*

## CALEB CUSHING, et al., Appellants.

THREE APPEALS FROM CIRCUIT COURT, DANE COUNTY.

On a motion to continue a party in possession of the property in litigation, it is not regular for the circuit court to appoint a receiver to take charge of the same property.

A motion to appoint a receiver must in general be made upon affidavits, or upon papers of which copies are served upon the opposite party with the motion, unless the papers have been filed with the clerk, in which case they may be referred to.

The rule of the circuit court prohibits the investigation of matters of which no notice is given by the party making the motion. The object of the rule is to compel the party to inform the adverse party of the proofs upon which he intends to rely in support of the motion, to enable him to resist it at the hearing.

After the decisions in 2 Wis. Rep., this cause was remitted to the circuit court, which being then in session, the order mentioned in the opinion of the Chief Justice, was made. From that order this appeal is taken.

Mr. Justice Smith sat *pro forma* merely, as in the other appeals.

*McArthur & Bartlett,* for the appellants.

*Knowlton, Collins & Knapp,* for the respondent.

*By the Court,* WHITON, C. J.   On the 20th day of April, A. D. 1854, the complainant filed a motion in the circuit court

Hungerford vs. Cushing et al.

for Dane county, as follows: "And now comes the said Wm. S. Hungerford, by A. L. Collins, J. H. Knowlton, and J. G. Knapp, his solicitors, and moves the court for an order to be made herein, continuing the said Wm. S. Hungerford in the possession of the premises and property mentioned and described in the complainant's bill and the pleadings filed herein, until the further order of this court, upon condition of his giving such security, which he hereby offers, to the said defendants, and in the manner, form, and time, as the court may deem proper and direct, for the careful use and preservation of the property and premises, and that he will account to them or such of them, as the court may hereafter order, for the damages, issues and profits of said premises and property; or that the court will make such further or other order in the premises as shall be just, and make the respective parties hereto secure in their several and respective rights in said premises and property."

On the 21st day of April A. D. 1854, the circuit court made the following order: "On reading and filing the motion made by the complainant by his solicitors in this cause, and also the *remittitur* of the Supreme Court, directing the order of this court, dated the 31st Dec. 1852, continuing the complainant in possession of the property mentioned in his bill, to be vacated, and the same having been vacated accordingly; it appearing to this court that the defendant, Caleb Cushing, has not filed the bond required by the order made by the circuit court, in and for the county of Green, on the 13th day of July, 1849, by which the said Cushing was conditionally restored to the possession of said property, and it appearing further to this court that the said Cushing has never entered personally into the possession of said property, nor given personal attention to the management thereof, but that he resides officially at the city of Washington; and it appearing further to this court that the pecuniary circumstances of

Vol. VIII.                    21

the complainant are such as not to afford proper security for the property in his hands; it is therefore deemed by this court necessary and proper for the security and protection of all parties, that a receiver be appointed in the premises. It is therefore ordered that Eliab B. Dean, Jr., be and he hereby is appointed receiver in this cause, to take charge of, keep and manage the property in controversy with the usual powers in such cases: It is further ordered that so much of the said order heretofore entered by the circuit court for Green county, as is repugnant to this order, be and the same is hereby vacated. Ordered further, that the said receiver give security for the faithful discharge of his duties, in the sum of fifteen thousand dollars, by a bond to be approved by this court or the judge thereof. Ordered further, that the writ of inquisition heretofore issued in this cause, be and the same is hereby continued in force. Ordered further, that the complainant, Wm. S. Hungerford, surrender and deliver to the receiver hereby appointed, all the property, real and personal, which came into his hands by virtue of the decree of this court, dated 25th July, A. D. 1851, or of the order of this court, dated 31st December, A. D. 1852. From this order the appeal in this case is taken.

I do not see how the order can be sustained. It appointed a receiver when no motion had been made for the appointment, and when no proof had been adduced, setting forth facts to show its propriety. Regularly, a motion of this kind should be founded upon affidavits, or upon papers of which copies are served with the notice of the motion; unless the papers on which the party intends to move have been filed with the clerk, in which case it is sufficient, if reference is made to them in the notice of the motion.

The necessity of adhering to this practice is illustrated by the order appealed from. It recites that the defendant, Cushing, had not filed the bond required by the order made

Hungerford vs. Cushing et al.

by the circuit court for Green county, by which he was conditionally restored to the possession of the property; that he has never entered personally into the possession of the property, nor given personal attention to the management thereof. These facts are stated as reasons for the order, and yet it does not appear that there was any proof of their existence or that Cushing had any opportunity to controvert them. Another fact recited in the order is that the complainant's pecuniary circumstances are such as not to afford proper security for the property in his hands. This must have been assumed by the court without proof, for none appears to have been furnished. Again, the motion was for an order continuing the complainant in possession of the property; or for such other order as should be just, and make the respective parties secure in their rights; it was unaccompanied by any affidavits, or by any notice that the moving party should rely in support of the motion, upon any papers which had been filed between the parties. Under these circumstances, I do not see how the circuit court could decide the various matters recited in the order. The rule of the circuit court above referred to is explicit, and by the strongest implication, prohibits the investigation of matters of which no notice is given by the party making the motion. The object of the rule evidently is, to compel the party making the motion to inform the adverse party of the proof upon which he intends to rely in support of the motion, to enable him to furnish proof to resist the motion at the hearing. But in the case before us, nothing of this kind was done. There were no facts stated to show the propriety of granting the specific relief prayed for in the motion; or that which was granted in the order.

The order is clearly irregular, and for that reason must be reversed.