JOINT SCHOOL DISTRICT No. 7 OF THE TOWNS OF BRIGHTON AND PARIS IN KENOSHA COUNTY, Appellant, vs. KEMEN and others, Respondents.

*August 31 — September 18, 1888.*

COSTS. *(1) When security may be required. (2) Dismissal of action: Notice of motion. (3) Taxation without notice: Offer of retaxation: Reversal of judgment.*

| 72 | 179 |
|----|-----|
| 89 | 145 |
| 72 | 179 |
| 114 | ¹29 |
| 72 | 179 |
| 117 | ¹ 91 |

1. Under sec. 2942, R. S., the trial court may, in its discretion, require the plaintiff to give security for costs; and this it may do on the defendant's motion.
2. Upon failure of the plaintiff to file the required security, the court may under sec. 2946, R. S., dismiss the action on motion of the defendant; and notice of such motion need not be given to the plaintiff.
3. Costs having been taxed in favor of the defendants without due notice, the plaintiff moved to set aside such taxation and to vacate

the judgment. Defendants thereupon consented in writing to a retaxation at any time the plaintiff might name, and offered to remit from the judgment any items of costs which might be determined to be improper or not taxable. *Held,* that the plaintiff, not having availed himself of such offer, cannot have the judgment reversed because the costs were originally taxed without notice.

APPEAL from the Circuit Court for *Kenosha* County.

Action to recover the possession of a school-house and fixtures. The cause was before this court on former appeals, reported in 65 Wis. 282, and 68 Wis. 246. This appeal is from a judgment dismissing the complaint, with costs, for the failure of the plaintiff to file security for costs as required by the trial court.

For the appellant the cause was submitted on briefs by *Henry Wiesmann.*

For the respondents there was a brief signed by *Chas. Quarles,* of counsel, and the cause was argued orally by *T. W. Spence.*

COLE, C. J. The counsel for the appellant insists that the circuit court had no power to require the plaintiff to give security for costs. But this is a mistake. Sec. 2942, R. S., confers ample authority upon the court for that purpose. The same counsel further says that this provision does not apply, because the court ordered security for costs to be given at the request or on the motion of the defendants. We suppose that, generally, security is ordered to be given on the application of the defendant. The court does not usually require it of its own motion. The order was a discretionary one, and we see no ground for saying the court was guilty of an abuse of its discretion in making it.

Again, it is said the judgment should be reversed on account of irregularity in entering it. The alleged irregularity was the failure of the defendants to serve notice of application for judgment. It appears that on the 15th of

Joint School Dist. No. 7 of Brighton and Paris vs. Kemen and others.

June, 1885, the court made an order requiring the plaintiff to file security for costs within twenty days from the service of such order. Service of this order was made, and the plaintiff filed an exception to it, but failed and wholly neglected for nearly a year to comply with it. The court then dismissed the action on the motion of the defendants, as it had the power to do under the last clause of sec. 2946. That clause expressly declares that upon failure to file the required undertaking the court may, upon motion of the defendant, dismiss the plaintiff's action. It is true, the defendants procured a rule to show cause why the action should not be dismissed because of failure to file the required undertaking, and attempted to make service of this rule. It is objected that the service was insufficient. Concede that it was, but the rule was unnecessary. The defendants were entitled to an absolute dismissal of the action because the plaintiff neglected and refused to comply with the order. It had without any apparent reason totally disregarded it for months, though aware of its existence. Its counsel well knew that the action was liable to be dismissed on failure to file the security within the time prescribed. But it seems the plaintiff chose to disobey the order and take the consequences of its default. It must now abide by them.

The last point relied on to set aside the judgment is that proper notice of the taxation of costs was not given. The record shows that a motion was heard by the circuit court on the 21st of May, 1887, to set aside the taxation of costs, and to vacate the judgment entered on such taxation; and that on the same day the defendants' attorney gave the plaintiff's attorney notice that they consented in writing to a retaxation of the costs at any date and at any hour the plaintiff might see fit to name, either before the clerk of the court or before the court itself, and offered to remit from the judgment for costs any items which the clerk or court should determine to be improper and not taxable. Here

was ample opportunity given the plaintiff to get relief from any improper items in the taxation of the costs. Under such circumstances his complaint against the taxation without notice has no force or merit whatever. If the plaintiff was not satisfied with the taxation it should have availed itself of the offer for a retaxation, and not have come here seeking to reverse the judgment on that ground. It seems like trifling with this court to do so.

*By the Court.*— The judgment of the circuit court is affirmed.