Felton vs. Hopkins and others.

Felton, Respondent, vs. Hopkins and others, Appellants.

*November 20 — December 11, 1894.*

*Security for costs: Notice of motion: Relief from default: Discretion.*

1. No notice need be given of an application for an order under sec. 2945, R. S., requiring plaintiff to file security for costs.

2. Where plaintiff was in default in not filing security for costs as required, it was not a fair exercise of judicial discretion to deny with costs a motion to dismiss the action, regularly and properly made, and to allow plaintiff then to file security without terms and without any showing excusing his default.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

This action is for the recovery of a money demand. August 5, 1894, the defendants, upon an affidavit of nonresidence of plaintiff, obtained *ex parte* an order of the circuit judge requiring the plaintiff to file security for costs in the action, in the sum of $250, within twenty days after the service of a copy of the order, and that all proceedings on his part be stayed until such security should be filed. The order was served on the 7th of the same month. On the 2d of October next thereafter, upon an affidavit showing such service of the order and that the plaintiff had wholly failed and neglected to file such security, and upon the records, documents, and papers served and on file in the action, an order was granted and served requiring the plaintiff to show cause on, etc., why the plaintiff's complaint should not be dismissed, with costs of the action and motion. Prior to the hearing, the plaintiff obtained an order, founded upon the papers, documents, etc., theretofore served and on file, requiring the defendants to show cause on, etc., why the said order requiring security for costs should not be vacated and held for naught, and why the plaintiff should not have such other or further relief, etc., as should be just. Both

motions were heard at the same time, and the court made an order thereon, denying the motion of the defendants to dismiss the complaint, with $10 costs, and denying also the plaintiff's motion to vacate the order requiring security for costs, with $10 costs, and directing that the sums awarded for costs on the motions be offset each against the other, and, further, that a certain undertaking for security for costs, then for the first time presented by the plaintiff, be approved as to the form and sufficiency, and be filed as security for costs in the action. The defendants appealed from the part of the order denying their motion to dismiss, with $10 costs, and from the part approving said undertaking so presented and directing the same to be filed as security for costs in the action.

*Glenway Maxon,* for the appellants.

*Henry L. Buxton,* for the respondent.

PINNEY, J. 1. The order requiring the plaintiff to give security was regularly and properly made under the statute (R. S. sec. 2945), and no previous notice of application therefor was necessary. For this reason the motion of the plaintiff to vacate the order was not well taken.

2. The plaintiff was in default for not filing security as required by the order, and had been for nearly two months. The defendants were entitled to an order dismissing the action, with the usual costs and costs of motion, unless for "good cause shown, in discretion, upon such terms as may be just," the court allowed security to be given after the time limited therefor by the order had expired. R. S. sec. 2831. The return is certified as containing all the papers filed in the action, and there is nothing excusing the plaintiff's default, nor is there anything in the order to indicate that any excuse was shown, or that any motion was made by him to be relieved from his default. Both by statute (sec. 2831) and the rules of court (Circuit Court Rule XI,

secs. 1, 2), such motion could be brought on for hearing only upon due notice, accompanied with proof, or referring to such properly on file, showing the propriety of granting the desired relief. *Hungerford v. Cushing*, 8 Wis. 323. The object of the rule evidently is, as was said in that case, "to compel the party making the motion to inform the adverse party of the proof upon which he intends to rely in support of the motion, to enable him to resist the motion at the hearing." Unless the plaintiff was relieved from his default, the defendants were entitled to an absolute dismissal of the action because of the plaintiff's neglect to comply with the order; and this without previous notice. *Joint School Dist. No. 7 v. Kemen*, 72 Wis. 181. By the parts of the order appealed from, a motion to dismiss, regularly and properly made, was denied, and the defendants were punished with costs for making it, and the plaintiff allowed to then file security without terms and without any showing excusing his default. It is no justification for the order to say that relieving a party from the default, and the imposition of costs, are matters of discretion. The discretion intended means a sound legal discretion, exercised according to legal rules (*Cleveland v. Burnham*, 55 Wis. 598); and not arbitrary or capricious action. There was nothing put upon the record to properly invoke such discretion. We think that the parts of the order appealed from are not within a fair exercise of judicial discretion, under the statute and rule of practice referred to, and that they should be reversed.

*By the Court.*— The parts of the order appealed from are reversed, and the cause is remanded for further proceedings according to law.