COLBETH and another, Appellants, vs. COLBETH and another,
Respondents.

*February 6—February 24, 1903.*

*Security for costs: Discretion: Dismissal of action.*

1. Under sec. 2942, Stats. 1898 (giving power to require plaintiff to
   give security for costs "in all cases where it shall appear rea-
   sonable and proper"), the court had discretionary power to re-
   quire such security where two of the three plaintiffs were non-
   residents, although the affidavit in support of the defendant's
   application stated that the purpose was to obtain security
   under secs. 2943–2945, which did not authorize the order.
2. Failure to comply with an order requiring security for costs jus-
   tifies dismissal of the action.

APPEAL from an order of the circuit court for St. Croix
county: E. W. HELMS, Circuit Judge. *Affirmed.*

The plaintiffs, being owners in common of three undivided
fifths of certain real estate, brought suit in ejectment against
the defendant *Catherine F. Colbeth,* a cotenant with them,
and *Seth Colbeth.* The appellants were non-residents, but the
third plaintiff, Rhoda Sheasby, was a resident of this state.
After answering, the defendants presented an affidavit assert-
ing the nonresidence of two of the plaintiffs, and stating that
it was made for the purpose of securing order for security of
costs, under secs. 2943, 2944, 2945, Stats. 1898, whereupon
the circuit judge made an *ex parte* order, December 2, 1901,
requiring security of costs for $250, and staying all proceed-
ings until it should be filed.   On January 25, 1902, affidavit
was made of failure to file security; also of breach of the stay
order, in attempting to examine defendants under sec. 4096,
Stats. 1898, whereupon an order to show cause, based upon
the said affidavit and all papers on file, why plaintiff should
not be punished for contempt, and the action be dismissed,
was made and served; and on February 22d the court made
order that the complaint "be, and the same is, hereby dis-

missed as to the plaintiffs *Charles W. Colbeth* and *Ellen Hilton,* and the other relief asked for be, and the same is, hereby denied." Those plaintiffs appeal from that portion of said order which dismisses the complaint as to them.

The cause was submitted for the appellants on the brief of *E. B. Kinney* and *A. J. Kinney,* and for the respondents on that of *James A. Frear.*

DODGE, J.    The circuit court had discretionary power, under sec. 2942, Stats. 1898, to require the appellant plaintiffs to give security for costs.   The grounds stated in the affidavit were sufficient to support the affirmative exercise of that discretion, and we are unable to say that the court did not exercise it, and exercise it properly, notwithstanding the statement of defendant in her affidavit that her purpose was to obtain security in accordance with secs. 2943 *et seq.*   Such order for security of costs was therefore within the power of the circuit court, and not an abuse of discretion, and valid. The failure of the appellant plaintiffs to comply therewith fully justified the order dismissing their action.  *Joint School Dist. v. Kemen,* 72 Wis. 179, 39 N. W. 131; *Felton v. Hopkins,* 89 Wis. 143, 61 N. W. 77.

*By the Court.*—The order appealed from is affirmed.