[Civ. No. 4218. First Appellate District, Division Two.—May 22, 1922.]

SARAH J. WALL, Appellant, v. J. GEORGE HUNTER et al., Respondents.

[1] COSTS—NONRESIDENT PLAINTIFF—DEMAND FOR SECURITY—TIME.— The defendant in an action by a nonresident plaintiff does not waive his right to make a demand for security for costs by filing an answer, since neither section 1036 nor section 1037 of the Code of Civil Procedure requires that the demand for costs be filed or that it be made and served upon the plaintiff before demurrer or answer.

APPEAL from a judgment of the Superior Court of Riverside County. Wm. H. Dehy, Judge Presiding. Affirmed.

The facts are stated in the opinion of the court.

D. B. Chapin, Lee R. Taylor and James L. King for Appellant.

A. Aird Adair for Respondents.

NOURSE, J.—This is an appeal by plaintiff from a judgment dismissing her action as to the defendant John J. Wall upon the ground that she had failed to comply with a demand for security for costs in the action, she being a nonresident of the state. The action was commenced on August 19, 1919, by plaintiff against three defendants, Hunter, Wall, and Winder, charging them with alienating the affections of her husband and in procuring him to make a will disinheriting her. Summons was served upon the defendant Wall while he was in attendance upon the superior court in Riverside County during the progress of plaintiff's contest of the will of her husband. On May 5, 1920, the defendant Wall served and filed his special appearance in this action and at the same time gave notice of motion to quash the service of summons upon the ground that he was a resident of the state of Nevada and was served while in attendance upon the court as a suitor and party interested in said proceedings and as a witness thereat. On the same day the defendant Wall served and filed a demurrer to plaintiff's complaint upon the sole ground that the trial court had no jurisdiction of the defendant. The motion to quash was granted and the demurrer sustained. The plaintiff thereupon sued out a writ of *certiorari* to review these orders, and on July 19, 1920, the district court of appeal of the second district, division two, ruled that by the filing of the demurrer to the complaint the defendant Wall had submitted his person to the jurisdiction of the court and that it was error to grant the motion and sustain his demurrer. It was held, however, that, as plaintiff had an adequate remedy by appeal, *certiorari* would not lie, and accordingly the writ was discharged. Thereafter the matter was again brought before the superior court and

on January 13, 1921, the court made an order setting aside its previous ruling and overruled the demurrer and granted this defendant twenty days in which to answer the complaint. On January 22, 1921, this defendant served on the plaintiff a demand for security for costs, in accordance with the provisions of section 1036 of the Code of Civil Procedure, based upon the ground that she was a nonresident of the state. As the plaintiff failed to comply with the demand in the thirty days allowed by section 1037, this defendant, on February 25, 1921, served and filed his notice of motion to dismiss the action. This motion was granted some four months later, on June 29, 1921, and judgment followed dismissing the action as to defendant Wall. In this judgment the trial court found as a matter of fact that the plaintiff had failed and neglected to file an undertaking within the time allowed by the statute and that none had been filed at the time of the judgment, and that the plaintiff was in fact a nonresident of the state at the time of the institution of the action. It is from this judgment that the appeal is prosecuted.

The points urged by appellant are (1) that the defendant Wall, having answered the complaint by filing a general demurrer and afterward an answer thereto, waived his right to make a demand for security for costs; (2) that the court erred in dismissing the action because the plaintiff was in fact a resident of the state of California; and (3) that the court erred in dismissing the action because the demand for costs was not "filed" in the action.

[1] As to points 1 and 3, it is sufficient to refer to the statute, sections 1036 and 1037 of the Code of Civil Procedure. These sections do not require that the demand for costs be filed or that it be made and served upon the plaintiff before demurrer or answer. As to the second point urged, it is sufficient to say that the question whether the plaintiff was in fact a nonresident of the state was the very question which the trial court was called upon to decide, and having found that she was a nonresident the judgment cannot be disturbed.

Judgment affirmed.

Langdon, P. J., and Sturtevant, J., concurred.