STATE EX REL. FIREMEN'S FUND INSURANCE COMPANY, Petitioner, vs. HOPPMANN, Circuit Judge, Defendant.

*January 12—April 5, 1932.*

482

For the petitioner there were briefs by *Olin & Butler,* and oral argument by *R. M. Rieser,* all of Madison.

For the defendant there were briefs by *Richmond, Jackman, Wilkie & Toebaas* of Madison, attorneys for the Milwaukee Department Store, Inc., and oral argument by *Harold M. Wilkie.*

The following opinion was filed February 9, 1932:

FAIRCHILD, J. A foreign corporation becoming plaintiff in an action in a court of record of this state must, upon demand by the defendant, furnish security for costs in such sum as shall be fixed by the order of the court in which the action is pending or as fixed by the judge of such court.

The material parts of secs. 271.28 and 271.30, the statutes which are controlling in this proceeding, are as follows:

"271.28 Defendant may require security: (1) when an action shall be commenced in any such court: . . . (b) for or in the name of a foreign corporation. . . ."

"271.30 *Order for security.* Upon proof by affidavit entitling the defendant thereto the court or judge shall make an order requiring the plaintiff to file security for costs in a sum therein mentioned, not less than two hundred and fifty dollars, within twenty days after the service upon him of a copy of such order, and that all proceedings on the part of such plaintiff be stayed until such security be filed."

The language used by the framers of these statutes is well calculated to make positive the duty, resting upon the court in such cases, to grant an order requiring security for costs. The construction of the sections, the use of the word "shall," carries the idea that no discretion is vested in the court except as to the amount of security to be furnished, and this cannot be fixed at a less sum than $250. The sections together provide that the defendant "may require" and "upon proof being filed showing defendant is entitled to such security the court shall make an order requiring security."

Where the plaintiff is a foreign corporation the right is given to the defendant to require security by the above statutes and the right thereunder is not affected in any way by the subsequent enactment of sec. 271.29. That section is limited in its application to natural persons who, because of their poverty, are unable to pay the costs or furnish security. The word "person" as there used is limited to individuals and is not to be extended so as to include bodies corporate.

A consideration of the statutes bearing upon the plan to regulate the giving of security for costs leads to the conclusion that the language used in sec. 271.29 aptly expresses the intention of the legislature to expressly restrict the right to sue and prosecute as a poor person to a natural person.

We agree with petitioner that this construction is supported by the fact that in sec. 271.28 and sec. 271.30 the class subject to the requirement for security for costs is referred to as the plaintiff. The statute passed to provide relief in certain cases from the operation of secs. 271.28 and 271.30 uses the word "person" and other expressions throughout, indicating an intention to afford this exemption only to natural persons.

Another objection raised by the plaintiff to the granting of this writ is that the petitioner has not brought itself within the requirements of the rule as outlined in the cases of *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 79 N. W. 1081; *In re Pierce-Arrow Motor Car Co.* 143 Wis. 282, 127 N. W. 998. This court has sought to limit the use of the power of superintending control to cases of grave exigencies and to prevent its being invoked as a means or method of appeal and review. In cases where the petitioner asks for the protection of a right clearly his which can in no other way be assured him and where extraordinary hardship is sure to follow its denial, there being no appeal from the order of the lower court denying the right, the policy is to exercise the power so as to afford relief to one who may be thus injured. *In re Inland Steel Co.* 174 Wis. 140, 182 N. W. 917. The right to security for costs is a substantial right, and a showing having been made that the timely protection of this right requires the issuing of the writ, the prayer of the petitioner will be granted.

*By the Court.*—Let the writ issue as prayed for in the petition.

The following memorandum was filed April 5, 1932:

Upon the petition of the plaintiff, leave having been granted for commencement of the action and the parties having stipulated that the petition should stand as and for the complaint in the action and that the matter should be

heard and considered as if the alternative writ had been issued and return had been made thereto setting forth the facts stated in the petition and the plaintiff had moved for judgment on the return, and briefs having been submitted by counsel for the respective parties upon the merits and the court having considered the arguments and briefs of counsel:

It is ordered that a peremptory writ shall issue as indicated in the opinion of the court already on file.