SHELDON, Appellant, vs. NICK & SONS, INC., and others, Respondents.*

*May 28—July 1, 1948.*

* Motion for rehearing denied, with $25 costs, on September 14, 1948.

The cause was submitted for the appellant on the brief of *G. M. Sheldon* of Tomahawk, attorney, and *R. E. Puchner* of Wausau of counsel, and for the respondents on the brief of *Fisher, Reinholdt & Peickert* of Stevens Point.

FRITZ, J.   In this action by the plaintiff Sheldon, as a resident and taxpayer of the city of Tomahawk, against a public officer, Emma Musson, the city treasurer of Tomahawk, National Surety Corporation of New York (hereinafter called the "Surety Corporation"), the surety upon her official bond, and also Nick & Sons, Inc., he seeks to recover for the benefit of the city, the obligee named in the bond, for an alleged breach by the city treasurer of conditions of that bond by her

unlawful transfer of $4,055.34 of the city's funds to Nick & Sons, Inc. Consequently there are applicable to this action the provisions in sec. 19.03, Stats., that,—

"Every person commencing an action against any officer and his sureties upon his official bond, except the obligee named therein, *shall give security for costs* by an undertaking as prescribed in section 271.28 (3) or 307.09, respectively, *and a copy thereof shall be served upon the defendants at the time of the service of the summons.*"

The language in these provisions is clear, unequivocal, and definite. Thereby the plaintiff in such an action is absolutely required to "give security for costs by an undertaking as prescribed in section 271.28 (3) or 307.09, respectively," and to serve a copy thereof "upon the defendants at the time of the service of the summons." That the word "shall," where it appears in the above-italicized provisions in sec. 19.03, Stats., is used in a mandatory sense is clear. In *State ex rel. Firemen's Fund Ins. Co. v. Hoppmann,* 207 Wis. 481, 240 N. W. 884, 242 N. W. 133, it was held that the word "shall" in sec. 271.30, Stats. 1931, now sec. 271.28 (2), Stats. 1947, which provides that "upon proof by affidavit entitling the defendant thereto the court or judge *shall* make an order requiring the plaintiff to file security for costs," is used in a mandatory sense. By analogy, particularly since we are dealing here with the same subject, viz., security for costs, the word "shall," where used in sec. 19.03, Stats., likewise denotes an absolute requirement.

In this case plaintiff not only failed to serve upon any of the defendants at the time of the service of the summons a copy of the undertaking required to be given as security for costs, but he also failed to give or file any security for costs whatever, as is absolutely required by sec. 19.03, Stats. The security for costs thereby required must conform to the provisions of sec. 271.28 (3) or sec. 307.09 of the statutes, and by the express provision in sec. 271.28 (3), that "upon failure to file such undertaking the court may, upon motion of the defendant, dis-

miss the action," the penalty prescribed for failing to file the required security for costs is the dismissal of the action. Likewise, in relation to said sec. 307.09, Stats., (mentioned in sec. 19.03, Stats.) it is provided in sec. 307.08, Stats., which relates to the undertaking for costs specified in sec. 307.09, Stats., that "if the plaintiff refuses or neglects to give security, when required, the action shall be. dismissed," etc. Accordingly, failure ·to give or furnish the required security for costs has been uniformly held to be a ground for dismissal of the action. *Colbeth v. Colbeth,* 117 Wis. 90, 91, 93 N. W. 829; *Felton v. Hopkins,* 89 Wis. 143, 61 N. W. 77; *Joint School Dist. No. 7 v. Kemen,* 72 Wis. 179, 39 N. W. 131. It follows that the dismissal of the action pursuant to the Surety Corporation's motion on the ground that plaintiff failed to give the security for costs and serve a copy of the required undertaking therefor upon the defendants, as prescribed by sec. 19.03, Stats., was proper.

Plaintiff's contention that the order of dismissal of the action was improperly made, because less than eight days' notice of the hearing of the application therefor was given to plaintiff, cannot be sustained. In making that contention he relies·on sec. 269.31, Stats., which requires in relation to motions generally eight days' notice of the hearing thereof. In this case the Surety Corporation's notice of its motion for dismissal was served on plaintiff only five days prior to the hearing pursuant thereto. Plaintiff did not appear at the hearing and ·did not then object thereto. As this court has held, no notice of any kind is required to be given to a plaintiff of an application for an order for the dismissal of the action on the ground that he has failed to furnish security for costs required of him. *Felton v. Hopkins, supra* (p. 144); *Joint School Dist. No. 7 v. Kemen, supra* (p. 181). As by an express provision in sec. 269.31, Stats., the eight days' notice of motion is required only "when a notice of motion is necessary," and as this court has been holding that no notice of motion is necessary for the dismissal of an action on the ground that required security for

costs has not been furnished, sec. 269.31, Stats., has no application to such a motion, and the order in question herein for the dismissal of the action.

Moreover, even if that statute were applicable, the court's action in making the order without sufficient notice would be, at most, a mere irregularity, and the order would not be void and therefore vacated by the court unless it is shown that the plaintiff was prejudiced by reason of the insufficiency of the notice. *Federal Land Bank v. Olson,* 239 Wis. 448, 1 N. W. (2d) 752. As he had failed to comply with the above-stated mandatory provisions of sec. 19.03, Stats., the order dismissing the action was clearly warranted; and it does not appear that the result could have been different if the plaintiff had had eight days' notice of the motion instead of but five days.

*By the Court.*—Order affirmed.

MARTIN, J., took no part.

* Motion for rehearing denied, without costs, on September 14, 1948.