780

HENRY TAYLOR et al., Plaintiffs and Appellants, v. RAYMOND PORTER POWELL et al., Defendants and Respondents.

Rafus J. Carter for Plaintiffs and Appellants.

Baker, Palmer, Wall & Raymond and Robert L. Raymond for Defendants and Respondents.

BROWN, J.—Plaintiffs Henry Taylor and Estelle Taylor, his divorced wife, filed a complaint against defendants, Raymond Porter Powell and Aetna Freight Lines, Inc., on November 21, 1960, in the Kern County Superior Court, for the wrongful death of their adult son, Roy E. Taylor. Each plaintiff sought damages in the sum of $25,000. Henry Taylor verified the complaint at Ridgecrest, Kern County, California. The attorney of record was Burke West. In due course, an answer was filed by defendants and a copy thereof was mailed to Burke West as attorney for plaintiffs.

On January 19, 1961, the attorneys for defendants filed a demand for security for costs. This demand, requiring a bond of $300, was served by mail on Burke West. No mention of section 1030 of the Code of Civil Procedure was made therein, nor was there any mention as to the nonresidency of the plaintiffs.

On February 24, 1961, a substitution of attorneys was filed in which Rafus J. Carter was substituted as the attorney for Henry Taylor but Henry Taylor, who signed as the client, stated that he was signing it "in pro. per." A copy of this substitution was served by mail on the attorneys for defendants. Henry Taylor had never appeared in propria persona. No consent of Burke West to the substitution was filed.

On March 2, 1961, the defendant Aetna served notice of a motion to dismiss as to it and its employee, defendant Raymond Porter Powell, for failure of plaintiffs to file security for costs and a motion to strike the purported substitution of attorneys. There is no mention of either plaintiff being a resident or a nonresident, and the only reference to section 1030 of the Code of Civil Procedure was in the points and authorities attached to the motion, in which the defendants merely said that the court had "discretion to dismiss an action whenever a nonresident plaintiff has failed to post security . . ." but no mention was made of which parties, if any, were nonresidents.

An affidavit of one of the attorneys for defendant Aetna was attached which made no mention of the place of residence of either of the plaintiffs, but merely stated that a demand for costs had been delivered to the attorney for the plaintiffs.

On March 10, 1961, attorney Rafus J. Carter filed an opposition to the motion to dismiss, together with points and authorities supported by his affidavit in which he averred, ". . . plaintiff Henry Taylor is a resident of California and has been for many many years. He resides at 405-B Langley Street, China Lake, California, and . . . ." Mr. Carter further averred that he had had lengthy discussions of this matter with Henry Taylor, the plaintiff. No mention of plaintiff Estelle Taylor was made therein, and the record does not disclose whether she was a resident or nonresident of California.

After hearing, at which plaintiffs did not appear, the matter was submitted to the court and on March 28, 1961, the court granted the motion to dismiss as to both defendant Aetna and defendant Powell for failure of plaintiffs to file security, but made no reference as to the nonresidency or residency of either of the plaintiffs, nor on what grounds the motion was granted. It made no ruling or reference whatsoever to the motion concerning the purported substitution of attorneys. A judgment of dismissal as to both defendants was entered on March 31, 1961, and on April 6, 1961, plaintiffs filed a notice of appeal from the judgment signed only by Rafus J. Carter, as attorney for plaintiffs.

On April 19, 1961, Mr. Carter filed a second substitution of attorneys signed by Henry Taylor, stating that the plaintiffs had substituted Rafus J. Carter as their attorney in the place of Burke West. Rafus J. Carter signed an acceptance of the substitution and Burke West consented thereto. There is no record that this substitution was ever served on the defendants' attorneys.

The defendants in their opening brief have moved to dismiss this appeal on the ground that Rafus J. Carter is not, nor has he ever been, the attorney of record for the plaintiffs; that the first substitution of attorneys was invalid because attorney Burke West did not sign the same; that the last purported substitution is invalid because it was filed 13 days after the notice of appeal had been filed; and that the substitution was never served on the defendants. This purported motion does not follow any of the requirements set forth in rule 41 of the Rules on Appeal. The defendants' motion is merely an informal statement in their brief. It does not state the grounds for the motion, but only argument; no time or place is mentioned at which the motion is to be made; and if this is a

notice of motion, it is not accompanied by a memorandum of points and authorities.

It is true that in the case of *Rasmussen* v. *Fresno Traction Co.*, 11 Cal.App.2d 357, 358 [53 P.2d 1038], the court held that ". . . such a motion should not be granted where it appears, after examination of the opening brief and the papers filed in support of the motion, that the case cannot be decided without examining the entire record." Therefore, the court denied such a motion which was made separately from the appeal.

However, in this case the motion is not properly made even though we have the entire record before us. Should we assume that the motion is in order, it must still be denied for the reason that the appeal is properly before us. Rule 1(a) of the Rules on Appeal covers this point as follows:

"An appeal from a judgment of a superior court or from a particular part thereof is taken by filing with the clerk of that court a notice of appeal therefrom. The notice shall be signed by the appellant or by his attorney and shall be sufficient if it states in substance that the appellant appeals from a specified judgment or a particular part thereof. A notice of appeal shall be liberally construed in favor of its sufficiency."

This matter is further covered in *Estate of Hultin*, 29 Cal.2d 825, 831-832 [178 P.2d 756], as follows: "Although there was no express provision in the statutes on the subject (the statute provided merely that 'An appeal is taken by filing with the clerk of the court in which the judgment . . . is entered, a notice stating the appeal from the same . . .' (Code Civ. Proc., § 940)), it has been held or stated that a notice of appeal in order to be effective must be signed by the appellant's attorney of record if the party appeared by an attorney. [Citations.] But it has been intimated that it need not be signed by the attorney of record, and that a new attorney may sign such notice. [Citation.] And slight circumstances are sufficient to constitute a waiver of the objection [citation] such as acknowledgment of receipt of service of notice of appeal (see cases 2 Cal.Jur. 319, 320). The doubtful soundness of the rule, as indicated by the facility with which it could be waived, was undoubtedly considered and the matter set at rest by the new Rules on Appeal which abrogate it. Rule 1(a) of the new Rules on Appeal provides: 'The notice [notice of appeal] shall be signed by the appellant or *his attor-*

*ney* and shall be sufficient if it states in substance that the appellant appeals from a specified judgment or a particular part thereof. A notice of appeal shall be liberally construed in favor of its sufficiency.' [Emphasis added.] Nothing is said therein about 'attorney of record,' a phrase of recognized meaning. The words, 'his attorney,' must mean the appellant's attorney, whether he appears as such of record or not. The case of *Jackson* v. *Jackson, supra,* [71 Cal.App.2d 837 (163 P.2d 780)] is contrary to that view but it failed to give effect to the above quoted rule of the new Rules on Appeal and is disapproved.''

Therefore, for the purpose of this appeal, Mr. Carter must be recognized as the attorney for plaintiffs and he should perfect his later substitution of attorneys by serving a copy on the attorneys for the defendants.

In the case of *Wall* v. *Hunter,* 57 Cal.App. 759 [207 P. 934], the court held that when the trial court decides that the plaintiff was in fact a nonresident of the state, its judgment cannot be disturbed, but in the present case no finding was made that plaintiffs were, or either of them was, in fact, a nonresident of the state, and the judgment of the court made no mention as to the residence of any parties but recited that plaintiffs had failed to respond to the demand to file security for costs and ordered that the action be dismissed.

In the demand for security there is no mention made of section 1030 of the Code of Civil Procedure. The defendants rely principally on *Gadette* v. *Recorder's Court,* 53 Cal.App. 72 [199 P. 817]. However, the court actually decided, at page 74:

''Respondent suggests that the demand was insufficient in that it does not, in terms, state that the plaintiff was either a foreign corporation or a nonresident. This defect is one of uncertainty. The demand is for 'security from plaintiff for defendant's costs and charges . . . as provided for under sec. 1036, Code of Civil Procedure, of the state of California.' We think this language was sufficient to apprise plaintiff that it was claimed that she was either a foreign corporation or a nonresident.''

We believe that this implies that some language must appear in the demand to indicate that it is made under section 1030 of the Code of Civil Procedure. Cowdery's Forms, fifth edition, Form 1204, page 619; and Owens' Forms, fourth edition, page 480, both set forth that the demand is made

under section 1030. Mr. Owens even refers to the *Gadette* case in his footnotes.

█ We think that the defendants' demand was fatally defective in that it did not cite the code section under which this demand was made nor did it contain any language which would apprise the plaintiffs of the ground upon which it was based.

As to the question of whether or not when a nonresident plaintiff is joined with a resident plaintiff each must file security for costs, there are no California decisions that we can find. However, there are many cases throughout the United States that cover both sides of this situation.

The defendants urge that because the libel law (Code Civ. Proc., § 830) requires all plaintiffs to give security as set forth in *Shell Oil Co.* v. *Superior Court*, 2 Cal.App.2d 348, 354 [37 P.2d 1078], the California law should be the same in interpreting section 1030 of the Code of Civil Procedure. We cannot agree. The pertinent part of section 830 of the Code of Civil Procedure provides: "Before issuing the summons in an action for libel or slander, the clerk shall require a written undertaking on the part of the plaintiff in the sum of five hundred dollars ($500). . . ."

Whereas, it is provided by section 1030 of that code that— "When the plaintiff in an action or special proceeding resides out of the State, . . . security for the costs and charges, which may be awarded against such plaintiff, may be required by the defendant."

The former lays its hand upon every plaintiff in a libel or slander suit, resident and nonresident alike, while the latter, by its express terms, operates only upon a nonresident plaintiff. █ The statutory requirement of section 1030 should not be imposed upon a resident plaintiff merely because of the fortuitous circumstance that a nonresident plaintiff is joined in the same action. We believe the purpose and spirit of section 1030 requires that only nonresident plaintiffs, even though joined with resident plaintiffs, must give bond for the payment of costs, if required. (See *Kearney* v. *Baptist*, 10 N.J. Misc. 431 [159 A. 405]; and *Colbeth* v. *Colbeth*, 117 Wis. 90 [93 N.W. 829].)

█ Apart from the above, the trial court also erred in dismissing the action as to defendant Raymond Porter Powell. The clerk's transcript does not disclose an appearance on his behalf nor is he a movant in the motion to dismiss. Concededly, defendant Powell has the right to demand security for

costs under section 1030 prior to filing a demurrer or an answer. (*Wall* v. *Hunter, supra,* 57 Cal.App. 759 [207 P. 934].) In this case he failed to make such demand, or to join in the demand served and filed by Aetna. Having failed to make a demand, he could not, and in fact did not, move for an order of dismissal or join in Aetna's motion. The attempt of Aetna to move for a dismissal in behalf of "its employee, Raymond Porter Powell" does not aid him. That motion was signed by "Baker Palmer Wall & Raymond, by Robert L. Raymond, Attorneys for Defendant Aetna Freight Lines, Inc., a corporation." The action (if proper procedure had been observed) should have been dismissed only as to Aetna, the moving party.

Section 1030 of the Code of Civil Procedure further provides that "When required, all proceedings in the action or special proceedings must be stayed until an undertaking, executed by two or more persons, is filed with the clerk. . . ." We do not believe that this is intended to prevent a plaintiff or defendant from substituting some other attorney. To hold otherwise would prevent the orderly operation of allowing parties in litigation to obtain counsel of their own choice.

As was said in *Rodgers* v. *Horn,* 85 Cal.App.2d 339 [193 P.2d 42], and restated in *Myers* v. *Carter,* 178 Cal.App. 2d 622, 627 [3 Cal.Rptr. 205], "It is the policy of the law to insure where possible the trial of an action on the merits."

The judgment of the lower court is reversed, and the matter remanded for further action and proceedings.

Conley, P. J., and Stone, J., concurred.