FEHRENBACH, Appellant, v. FEHRENBACH and others, Respondents.

*No. 180. Argued March 3, 1969.—Decided May 6, 1969.*
(Also reported in 167 N. W. 2d 218.)

For the appellant there was a brief by *Martin J. Torphy* and *E. Campion Kersten,* both of Milwaukee, and oral argument by *Mr. Kersten.*

For the respondents Donald L. Fehrenbach and Milwaukee Mutual Insurance Company there was a brief and oral argument by *D. J. Regan* of Milwaukee.

For the respondents Gerhard Janik and Commercial Insurance Company of Newark, N. J., there was a brief by *Kluwin, Dunphy, Hankin & Hayes* of Milwaukee, and oral argument by *John A. Kluwin.*

HALLOWS, C. J.   It is argued that noncompliance with sec. 262.13 (3), Stats., does not require a dismissal when jurisdiction over the person has been acquired by a general appearance and that sec. 262.13 (3) is invalid as a rule of this court because it affects a substantive right of a party and is therefore beyond the scope of this court's rule-making power under sec. 251.18.

We have previously decided the creation of the rule, sec. 262.13 (3), Stats.,[1] was within this court's rule-making power. It regulates the practice and procedure in judicial proceedings and attempts to improve the efficient administration of justice by providing a penalty if actions and suits are not filed in the clerk's office

---

[1] "262.13 Summons, filing. . . .

"(3) In any event, if the summons, or a copy which was served on any defendant, is not filed and the clerk's fee and suit tax are not paid within one year after the earliest service on any defendant in the action, service made on any defendant in the action shall lose all force and become void, as if never made."

within one year after service. This is the ultimate time for filing because normally actions and suits should be promptly filed after service. By this rule the commencement of the action by service of process becomes void because it is not filed in the court and the clerk's fees paid within one year. This section is self-executing and the dismissal is only to clear the records of the court.

In this case, the application of the rule has a collateral effect of giving the defendant a defense of barring the cause of action. However, this does not make the rule one of substantive law. And, this is true although it has been said in this state that the statute of limitations extinguishes the right or cause of action as well as creating a defense or defensive remedy. *See Haase v. Sawicki* (1963), 20 Wis. 2d 308, 121 N. W. 2d 876. Most procedural rules may have some collateral substantive effect but do not become substantive in nature because of such indirect effect. A demurrer by nature is not a matter of substantive law, but the sustaining of a demurrer may have the effect of barring recovery. We pointed out in *Mosing v. Hagen* (1967), 33 Wis. 2d 636, 148 N. W. 2d 93, that this section does not jeopardize the plaintiff's right to assert his cause of action or diminish the period in the statute of limitations and was procedural in nature. We affirm that ruling.

This rule was carefully formulated by this court after a study made of the problem and a recommendation by the judicial council and a public hearing upon the recommendation. Its purpose was to provide a penalty in order to encourage the prompt filing of cases and to end a practice of using a legal process without the payment of suit tax and clerk's fees. The failure to file caused unnecessary confusion, especially in Milwaukee, in the clerk's records because suits were pending in fact which were not of record in his office. The filing of subsequent pleading was hindered and the orderly disposition of such

cases was impeded. In many cases the legal process was abused by the failure to file the summons and complaint.

We think the language of the section is plain, "service . . . shall lose all force and become void . . . ," not voidable but void "as if never made." If the service of a summons is never made, the action is not commenced. Sec. 262.02 (1), Stats. That was the meaning of the additional phrase "as if never made." Personal jurisdiction does not save this result. This rule is not grounded on or related to jurisdiction, whether by service or appearance. In adopting this rule, sec. 262.13 (3), this court had in mind that in most cases of nonfiling there were appearances by the defendant besides service of summons. Neither can parties by stipulation avoid the effect of the rule. While by sec. 262.13 (2) the defendant may require the plaintiff to file the summons and complaint, this section is not pertinent to the problem this court sought to cure by the rule. It is unfortunate that in this case the plaintiff's cause of action is now barred but the rule was intended to cover all cases of nonfiling without exception.

*By the Court.*—Order affirmed.