BROADBENT, Respondent, v. HEGGE and others, Appellants: HOYE and another, Defendants.

*No. 159. Argued October 30, 1969.—Decided November 25, 1969.*
(Also reported in 172 N. W. 2d 34.)

720

For the appellant Russell F. Hegge there was a brief by *Roberts, Boardman, Suhr & Curry* of Madison, and by *Noll, Donovan & Bolgrien* of Beloit, and oral argument by *Gerald T. Conklin* of Madison.

For the appellants Leonard E. Alderson, Perry R. Helgestad, and Effie Clarida there were briefs and oral argument by *Robert J. Ruth* of Beloit.

For the appellant Fidelity & Casualty Company of New York there was a brief by *Wickhem, Consigny & Sedor* of Janesville, and oral argument by *Gilbert D. Sedor.*

For the respondent there was a brief and oral argument by *Frank X. Kinast* of Beloit.

ROBERT W. HANSEN, J. This appeal asks a single question about a single statute that has been interpreted in a single prior decision of this court.

*The statute:* Sec. 19.03, Stats., providing that: "(1) Every person commencing an action against any officer and his sureties upon his official bond, . . . shall give security for costs by an undertaking as prescribed in s. 271.28 (3) or 307.09, respectively, and a copy thereof shall be served upon the defendants at the time of the service of the summons. . . ." (It is undisputed that the plaintiff here did not file an undertaking for costs and did not serve a copy of such undertaking with the summons.)

*The case: Sheldon v. Nick & Sons, Inc.* (1948), 253 Wis. 162, 165, 33 N. W. 2d 260, dealing with the effect of a noncompliance with sec. 19.03, Stats. In an action brought by a taxpayer against the treasurer of the city of Tomahawk, the surety made a motion to dismiss the action because of noncompliance with sec. 19.03. The trial court granted the motion, and was affirmed on appeal, this court stating that: ". . . the penalty prescribed for failing to file the required security for costs is the dismissal of the action. . . ."

*The question:* The question of law raised on this appeal is: Can the statutory requirement of security for costs be waived; and, if it can, was it waived by the defendants in this case on this record?

Appellants-defendants argue that there must be full compliance with the provisions of sec. 19.03, Stats., before

the court can acquire jurisdiction over the subject matter in this type of action. This approach treats the statutory requirements as conditions precedent to the court's obtaining jurisdiction and would require that compliance be pleaded by the person bringing the action. It would follow that the requirements of sec. 19.03 could not be waived. Failure to comply with the requirements of the statute would be a time bomb that could be exploded at any time, even after trial had commenced and perhaps even after judgment had been entered.

This contention goes beyond the court ruling in the *Sheldon Case,* even though strong language is used in holding that the penalty for failure to file the prescribed security for costs is the dismissal of the action:

"The language in these provisions is clear, unequivocal, and definite. Thereby the plaintiff in such action is *absolutely required* to 'give security for costs by an undertaking as prescribed in section 271.28 (3) or 307.09, respectively.' . . . That the word 'shall,' where it appears in . . . sec. 19.03, Stats., is used in a mandatory sense is clear . . . the word 'shall,' where used in sec. 19.03, Stats., likewise *denotes an absolute requirement."* *Sheldon v. Nick & Sons, Inc., supra,* at page 164. (Emphasis supplied.)

However, the decision stops short of holding that the "absolute requirement" can never be waived. The appellants' effort to analogize the situation here with the requirements of notice of claim to the state, county, municipality or town will not hold up. As to the state, suits are permitted only with the consent of the state, and therefore all conditions outlined in the consent must be complied with strictly and completely to give the court jurisdiction. As to local agencies of government, the statutes there involved create the cause of action and unless statutory requirements are met there is no action to bring. Here the statute prescribes conditions for bringing the action, but such statute does not create the cause of action involved. It prescribes the procedure to

be followed in bringing the lawsuit, but the cause of action exists independently of the statute.

Plaintiff-respondent takes the position, and the trial court concurred, that the statute involved relates only to jurisdiction over the person and is waived by the fact of entering a general appearance. This would authorize plaintiffs to bring actions of this type against public officials without complying with sec. 19.03, Stats., and, unless the defendants appeared specially to protest the noncompliance, the statutory requirements would be deemed waived.

The *Sheldon Case* goes far beyond this emasculated version of what the statutory requirement is to mean and what the consequences of noncompliance are to be. Neither in the decision nor in the record in that case is there any reference to any necessity for entering a special appearance in order to preserve and protect the right to insist that sec. 19.03, Stats., be complied with. In fact, in that case one defendant had answered the complaint, and the others were in default at the time the motion to dismiss the action was brought by the surety. The case clearly establishes that a motion to dismiss on the ground of noncompliance with sec. 19.03 is not belated if brought following a general appearance in the action. The derivative conclusion is that failing to appear specially does not imply waiver or loss of the right to bring such motion to dismiss.

It is entirely accurate to state that: "A distinction must be made between the situation where a court lacks *power* to treat a certain subject matter and the situation where a court may treat the subject generally but there has been a failure to comply with the conditions precedent necessary to acquire jurisdiction. In our opinion, only in the former situation is it correct to say that there is a lack of subject-matter jurisdiction." *Galloway v. State* (1966), 32 Wis. 2d 414, 419, 145 N. W. 2d 761, 147 N. W. 2d 542. *See also Kenosha v. State* (1967),

35 Wis. 2d 317, 327, 151 N. W. 2d 36. However, it does not follow that the entry of a general appearance waives statutorily required procedural requirements given the weight that sec. 19.03, Stats., was given by this court in the *Sheldon Case*. The waiver involved must be express or necessarily implied from acts entirely inconsistent with raising the issue of noncompliance with statutory requirements.

In a recent case, *Fehrenbach v. Fehrenbach* (1969), 42 Wis. 2d 410, 167 N. W. 2d 218, this court dealt with the situation where a summons and complaint were not filed within one year as required by sec. 262.13 (3), Stats. While that statute is self-executing, it is similar to sec. 19.03. It provides for dismissal of the action upon noncompliance with the statutory procedural requirement. In that case a notice of appearance had been served by the defendant before the year expired. The *Fehrenbach* decision is relevant at least on the issue of whether the fact of a general appearance having been entered constitutes a waiver of statutory procedural requirements. In *Fehrenbach,* the statute applicable was held to be ". . . not grounded on or related to jurisdiction," and the failure to conform to its requirements required dismissal of the action.

So we hold here that the fact that the defendants sheriff, undersheriff, deputy sheriffs and surety entered general appearances did not constitute a waiver of the requirements of sec. 19.03, Stats. Can the fact of waiver be found in their subsequent acts in this action? To the original complaint alleging false arrest and malicious prosecution, the defendants demurred. A demurrer averring that the complaint does not state a cause of action is to be distinguished from an answer going to the merits of the case. Here such original demurrer was sustained, and the plaintiff was permitted to file an amended complaint based on a claim of false imprisonment. To such amended complaint one defendant de-

murred, raising the issue of failure to conform to the requirements of sec. 19.03. Three defendants filed motions to dismiss on the ground that sec. 19.03 had not been complied with. One defendant made a motion to dismiss and then filed an answer, including a plea in abatement based on failure to comply with sec. 19.03. It is clear that under the *Sheldon Case,* the proper and recommended procedure was for the defendants to bring motions to dismiss. However, the demurrer, motion to dismiss and plea in abatement alike raise the issue of the plaintiff's failure to meet the requirements of sec. 19.03. Far from waiving the requirements of such statute, they object to its not being complied with. Waiver can be established by acts as well as by words, but it must be a ". . . voluntary and intentional relinquishment of a known right." *Attoe v. State Farm Mut. Automobile Ins. Co.* (1967), 36 Wis. 2d 539, 545, 546, 153 N. W. 2d 575. Here neither intent to waive nor the fact of waiver can be inferred or found from the record or pleadings. The situation would be different if the defendants had proceeded to trial or had filed an answer to the merits, not raising the issue of plaintiff's noncompliance with sec. 19.03. It is true that setting this break off point as to pursuing a course inconsistent with the application of sec. 19.03 may narrow somewhat the implications of the *Sheldon Case.* There a defendant had brought a motion to dismiss on the grounds of noncompliance with sec. 19.03, but one other defendant had filed an answer to the merits. While not noting the possible distinction between defendants on the issue of waiver, in fact not dealing with waiver at all, the court upheld the trial court's granting of respondent's motion to dismiss. Whether the result is a narrowing of the scope of *Sheldon,* or, as we see it, of dealing with an issue not raised in *Sheldon,* we would hold that filing a general answer, not including an objection to noncompliance with

sec. 19.03, would constitute a waiver of the requirements of such statute.

As to the defendants here involved, we hold that no one among them has waived the right to seek dismissal of plaintiff's action because of the noncompliance with sec. 19.03, Stats.

It follows that the action of the trial court in denying the motion to dismiss brought by defendants Alderson, Helgestad and Clarida must be reversed, and said motions to dismiss the action granted.

It follows that the action of the trial court in denying the motion to dismiss and the plea in abatement brought by defendant Hegge must be reversed and such motion and plea granted.

It follows that the action of the trial court in overruling the demurrer of defendant Fidelity & Casualty Company should be reversed and the demurrer sustained.

The request of the plaintiff-respondent that sec. 893.35, Stats., applying to judgments that are reversed on appeal be invoked here, must be denied for the reason that the statutory definition of a judgment is ". . . the final determination of the rights of the parties in the action." (Sec. 270.53 (1).) The order appealed from is not a judgment or final determination of the rights of the parties since all that it accomplished was the denial of motions to dismiss and the overruling of a demurrer.

*By the Court.*—Orders reversed.