STATE of Wisconsin, Plaintiff-Respondent,

v.

Phyllis J. LONG, Respondent-Appellant.

Court of Appeals

*No. 90-2127-CR. Submitted on briefs March 15, 1991.—Decided May 1, 1991.*

(Also reported in 471 N.W.2d 248.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Walter W. Stern* of *Stern, Caviale & Stern* of Kenosha.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Marguerite M. Moeller,* assistant attorney general.

Before Brown, Scott and Anderson, JJ.

SCOTT, J. Phyllis J. Long appeals from a judgment convicting her of illegal possession of cocaine contrary to secs. 161.16(2)(b), 161.41(3m) and 161.48(1), Stats.[1] On appeal, Long argues that certain evidence was wrongly admitted and thus seeks to have her conviction reversed. She bases this contention on her argument that the search warrant, during the execution of which the evidence was obtained, was improperly executed because the police failed to allow sufficient time to lapse from the moment they knocked and announced their purpose until their forced entry. As a result, she contends, the search was invalid.

On December 28, 1989, a search warrant was obtained for and executed on Long's residence. Long does not question the validity of the search warrant itself. Prior to the execution of the warrant, Officer Larry Ivy approached Long's residence, knocked on the

---

[1]Although the notice of appeal in this case states Long is appealing from a nonfinal order denying the motion to suppress evidence, we will construe this as an appeal from the judgment of conviction. The appeal was filed after the judgment of conviction was timely entered.

window and asked Long if he could buy drugs from her. She waved him away and he then signaled several other officers, among them Officer Michael Waite, who then proceeded with the execution of the warrant.

Long lived in a lower flat which had both an outer door and an inner door. The police officers first approached the outer door, knocked and shouted, "Police; search warrant." After waiting seven to ten seconds and receiving no response, they battered down the outer door. Upon approaching the inner door, they again knocked and shouted, "Police; search warrant." After another five to seven seconds, and still receiving no response, they battered down that door as well. One of the officers who participated in the execution of the warrant also testified that he heard movement in the apartment prior to battering down the door. Both cocaine and tetrahydrocannabinol (THC) were found in Long's residence. Long subsequently was charged with one count of illegal possession of THC with intent to deliver, and a second count of illegal possession of cocaine.

Long moved to suppress the evidence obtained in the search claiming the search warrant was improperly executed. She contended that because of the short span of time between when the officers knocked and announced their purpose and when they battered down the door, the warrant actually was executed in no-knock fashion—a manner beyond the scope of the warrant. Officers Ivy and Waite testified at the suppression hearing. Based on their testimony regarding the circumstances, the trial court held that the officers reasonably could have inferred that Long was not going to open the door. These circumstances included: the officers gave Long an opportunity to open the door on two occasions—at the outer and inner doors; they knew she was

home because the first officer spoke to her through the window; they had probable cause to believe, evidenced by the search warrant and its supporting affidavit, that drugs were present in the house; one officer heard movement within the house; and the possibility existed that Long was trying to destroy the drugs. The trial court denied the motion. Long was convicted upon a plea of guilty.

On appeal, Long renews her claim that the drugs obtained as evidence through the search warrant should have been suppressed. She again argues that the length of time between the knock and announcement by the officers and the battering of the door was insufficient and, in effect, resulted in a no-knock entry. Long contends the search was beyond the scope of the warrant and that nothing in the warrant or at the scene called for execution of a no-knock warrant.

■■■

On review of an order denying or granting a suppression motion, the findings of fact of the circuit court will be sustained unless clearly erroneous. *State v. Cleveland,* 118 Wis. 2d 615, 630, 348 N.W.2d 512, 520 (1984). The appellate court, however, will independently examine the circumstances of a case to determine whether the constitutional requirement of reasonableness is satisfied. *Id.* at 630–31, 348 N.W.2d at 520. The inquiry on review is whether upon an objective analysis of the circumstances confronting the officers on the execution of the warrant the court can conclude that the entry was justified and reasonable. *Id.* at 631, 348 N.W.2d at 520.

■■■

In the execution of a search warrant, police officers must announce themselves and their purpose and, except under special circumstances, allow time for the door to

be opened. *Id.* at 624–25, 348 N.W.2d at 518. This "announcement rule" has long been recognized by common law. *Miller v. United States,* 357 U.S. 301, 306–10 (1958). The rule generally is viewed as one of federal constitutional dimensions, *Cleveland,* 118 Wis. 2d at 623, 348 N.W.2d at 517, grounded in the fourth amendment. *United States v. Ruminer,* 786 F.2d 381, 383 (10th Cir. 1986). Because the fourth amendment's proscriptions against unreasonable searches are virtually identical to those in art. I, sec. 11 of the Wisconsin Constitution, state law of search and seizure conforms to that developed under federal law. *State v. Reed,* 156 Wis. 2d 546, 551, 457 N.W.2d 494, 496 (Ct. App. 1990).[2]

The issue in this case is whether the officers, in executing the warrant, sufficiently complied with the announcement rule. The United States Supreme Court has not yet defined the precise requirements for the execution of a search warrant. *Cleveland,* 118 Wis. 2d at 624, 348 N.W.2d at 517. Courts have refused to set a strict time limit for the announcement rule. There cannot be a hard and fast time limit given the myriad of potential circumstances that could confront an officer serving a warrant. *United States v. Streeter,* 907 F.2d 781, 789 (8th Cir. 1990).

We conclude that the trial court did not err when it held that the officers in this case reasonably could have inferred that Long had refused them admittance. "Refused admittance" does not require actual or affirma-

---

[2]The federal cases cited in this opinion arise from challenges to 18 U.S.C. § 3109, a codification of the knock-and-announce rule. Because of the constitutional dimension to that rule and the similarities between our state and federal constitutions regarding reasonable searches, we view the federal cases as persuasive authority.

tive refusal. *United States v. Allende,* 486 F.2d 1351, 1353 (9th Cir. 1973), *cert. denied,* 416 U.S. 958 (1974); *United States v. Sinclair,* 742 F. Supp. 688, 689 (D.D.C. 1990). The particular circumstances may dictate that the officers executing a warrant were constructively refused admittance. *See United States v. Bonner,* 874 F.2d 822, 824 (D.C. Cir. 1989); *Sinclair,* 742 F. Supp. at 689.

In *Bonner,* a case similar to Long's, a federal court of appeals held that an eleven- to twelve-second wait did not violate the announcement rule. *Bonner,* 874 F.2d at 826. In that case, the officers knocked and announced their authority and purpose twice. Approximately eleven seconds after their first announcement and after hearing movement in the apartment, they battered down the door. The court held that the circumstances established a constructive refusal of admittance: the police knew people were present in the apartment; heard movement inside the apartment; had probable cause, based on the warrant, to believe drugs were present inside the apartment; gave clear notice of their authority and purpose twice; and waited eleven to twelve seconds before entering. *Id.* at 824-26.[3] Likewise here, the trial court found the police clearly and loudly announced their authority and purpose on two occasions; they waited seven to ten

---

[3]Other courts have upheld similar time delays. *United States v. Streeter,* 907 F.2d 781, 788 (8th Cir. 1990) (entrance after five to ten seconds); *United States v. Nabors,* 901 F.2d 1351, 1353 (6th Cir.) ("moments"), *cert. denied,* 111 S. Ct. 1392 (1990); *United States v. Ruminer,* 786 F.2d 381, 384 (10th Cir. 1986) (five to ten seconds); *United States v. Davis,* 617 F.2d 677, 695 (D.C. Cir. 1979) (fifteen to thirty seconds), *cert. denied,* 445 U.S. 967 (1980); *United States v. Wysong,* 528 F.2d 345, 348 (9th Cir. 1976) (five to ten seconds); *United States v. Phelps,* 490 F.2d 644, 646 (9th Cir.) ("five or ten" seconds), *cert. denied,* 419 U.S. 836 (1974).

seconds after the first knock and announcement and five to seven seconds after the second; they knew she was present inside the house; they heard movement inside the house; and they had probable cause to believe that drugs, which easily could be destroyed, were also present in the house. These findings are not clearly erroneous.

In addition, when officers have probable cause to believe that occupants possess cocaine, a substance that is easily and quickly disposed of, a shorter wait before entry is justified. *United States v. One Parcel of Real Property,* 873 F.2d 7, 9 (1st Cir.), *cert. denied,* 110 S. Ct. 236 (1989); *see also Bonner,* 874 F.2d at 825–26. The Wisconsin Supreme Court has stated, when discussing the justification for a no-knock warrant, that while it rejects a blanket exception to the announcement rule in narcotics cases, officers are justified in dispensing with the rule of announcement when they seek a warrant if they have particular grounds to give them reasonable cause to believe that the drugs will be destroyed. *Cleveland,* 118 Wis. 2d at 628, 348 N.W.2d at 519. Moreover, the court in *Cleveland* also stated that even if police have no reason to seek advance authorization for a no-knock entry or if advance authorization is denied, they may still make a no-knock entry to execute the warrant if facts existing at the time of entry give them reasonable cause to believe that a no-knock entry is necessary to execute the warrant safely or successfully. *Id.* at 630, 348 N.W.2d at 520. Consistent with the reasoning of *Cleveland,* we conclude that a shorter wait between announcement and entry is justified if the officers have reasonable cause to believe the drugs may be destroyed.

In the case at hand, the evidence supports reasonable cause for the officers to have believed that Long

may have been trying to destroy the drugs. They knew she was home and had probable cause to believe the drugs were present in the home. In addition, Long failed to answer the door after two separate announcements by the police, and the officers heard movement inside the house. For these reasons, we affirm the denial of the motion to suppress and Long's conviction.

*By the Court.*—Judgment affirmed.