Robert C. KERANS, Plaintiff-Respondent,

v.

MANION OUTDOORS COMPANY, INC., and
Timothy E. Manion, Defendants-Appellants.†

Court of Appeals

*No. 90-2020. Submitted on briefs November 18, 1991.—Decided
January 29, 1992.*

(Also reported in 482 N.W.2d 110.)

†Petition to review denied.

123

On behalf of the defendants-appellants, the cause was submitted on the briefs of *John Staks* of *Staks & Diel, S.C.* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Michael J. Collins* of *Collins, Beatty & Krekeler, S.C.* of Madison.

Before Nettesheim, P.J., Brown and Snyder, JJ.

SNYDER, J. Manion Outdoors Company, Inc. and Timothy Manion (the defendants) appeal from a default judgment against them for $2,500,000. The trial court granted the default judgment because the defendants failed to comply with discovery orders and statutes. The issues are whether (1) the court abused its discretion by granting the default judgment and (2) the court should have taken proof on the amount of damages awarded. We conclude that the court did not abuse its discretion and was not required to take proof of damages.

Robert Kerans filed a complaint in November 1987 against the company and Manion, its president. Kerans alleged that he entered into an agreement with the defendants in July 1986 giving him exclusive worldwide rights to distribute certain publications and video products authored or produced by Manion. The defendants agreed to provide promotional publicity support. They warranted to Kerans that at least 200,000 copies of one book had been sold in the year preceding the contract. Kerans alleged this statement was false, the defendants knew it was false, they made the misrepresentation to induce him to purchase inventory, and he relied on it and purchased $32,000 worth of inventory. He invested "substantial sums of money and time" in marketing the defendants' products in reliance on this misrepresentation. The contract allowed the defendants to terminate it after one year, with notice, but required them to repurchase Kerans' unsold inventory. Kerans alleged that they gave him notice but failed to repurchase his inven-

tory. He sought damages of $500,000. This figure represented the loss of the benefit of the sale of 200,000 books as warranted by the defendants, lost income from sales to others made by the defendants in violation of the agreement, and the loss of $40,000 and time he invested in the business.

Kerans also alleged that the defendants engaged in a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c) and sec. 946.83(3), Stats. As the "predicate acts" of racketeering, he alleged that it was theft for the defendants to retain funds that were rightfully his under their agreement, and that the defendants' sales of books to five named third parties, in violation of their agreement, were mail frauds. Kerans sought treble damages under the federal statute and double damages under the state statute, bringing his total damages prayed for to $2,500,000.

The defendants' answer denied the material allegations in the complaint.

On May 2, 1988, Kerans served the defendants with interrogatories and requests for production of documents. On June 28, 1988, he moved to compel answers. The motion was heard by telephone on July 20 and the court issued its order on July 28, 1988. The court found that defense counsel was not available by telephone and had not objected to the motion, and gave the defendants ten days to provide the requested discovery. The order warned of the possibility of a default judgment for failure to comply.

On August 15, 1988, Kerans moved the court to take as established the facts alleged in the complaint and for summary judgment. Kerans' attorney averred that he had received no response from the defendants since the July discovery order. The motion was heard on September 19, 1988, a Monday. Kerans' counsel stated that

defense counsel had telephoned the preceding Friday asking for more time, but Kerans refused. Defense counsel provided unsigned answers to the interrogatories at the hearing, and the court ordered signed copies to be provided later in the week. Kerans received those copies several days later. The defendants did not provide the requested documents.

On December 12, 1988, Kerans again moved for the taking of facts as established and summary judgment based on the defendants' failure to provide documents. His attorney averred that the court had ordered production of documents on July 28 and September 19, 1988. However, the record does not show that the court made any order regarding the production of documents on September 19. Kerans' attorney sent one letter and made six calls to defense counsel between September 23 and November 28 to arrange for inspection of documents, but inspection was not arranged.

Although the motions were set for hearing on December 19, 1988, there is no indication that it occurred. The record contains a letter from Kerans' counsel to defense counsel dated January 10, 1989 confirming their conversation of that date about the production of documents. He wrote that he expected to receive material by January 9 and was canceling his trip to the defendants' office planned for January 4.[1]

Kerans substituted counsel in February 1989. Nearly one year later, on January 22, 1990, he moved for default judgment. Kerans' attorney averred that the answers to interrogatories received in September 1988 were unresponsive, dilatory and made in bad faith. He averred that the plaintiff's December 1988 motion was heard on June 26, 1989, and that the court directed the

---

[1]These dates are as in the original letter.

defendant to comply with the discovery requests. However, the record contains no transcript of that date, the clerk's notes do not mention discovery, and the order issued pertains only to other pretrial matters. Counsel also averred that on that date the defendants provided documents intended to satisfy the plaintiff's request, but that they were "patently inadequate." On December 2, 1989, the defendants were served with a second set of interrogatories and as of January 18, 1990, no response had been received. He sent defense counsel two letters and left telephone messages thirteen times between December 15, 1989 and January 16, 1990, without receiving a reply.

The motion was heard on February 19, 1990. Defense counsel objected to the length and duplicative nature of the second set of interrogatories and admitted that he should have filed a proper objection to them. The court ordered Kerans to provide a "specific" list of documents needed for trial by the end of that week. The defendants were to respond within ten days. Counsel agreed to depose Manion on March 1.

On February 23, 1990, Kerans sent the "specific" list. Many of the items on it were not sought in the earlier interrogatories or requests for documents, including the defendants' tax, banking and financial records. Manion was deposed on March 8 and, in response to statements at the deposition, the plaintiff followed up with an additional list of documents on March 17. The defendants sent documents on April 5, and on April 6 Kerans' counsel wrote back that those documents were insufficient, describing the perceived inadequacies item by item.

At a hearing on April 9, 1990, the court entered a conditional default judgment. The judgment would not be entered if Manion appeared in court on April 30 with

a response to the plaintiff's letter of April 6. Manion provided a written response on April 30. There is no transcript or clerk's note of that date, but according to a May 7 letter from the plaintiff to the court, Manion was present and the court told the parties to depose him. They were unable to obtain a reporter, however.

Manion was deposed on May 21. By affidavit of July 26, 1990, Kerans' attorney averred that Manion's discovery responses continued to be insufficient. Manion had agreed at the deposition to provide additional documents by June 15. Kerans' counsel stated that he had heard nothing since then. The court held a hearing on July 30, 1990. That morning, the defendants filed an affidavit by Manion in which he averred that he had told Kerans' counsel, after the May 21 deposition and off the record, that he had not been taking notes of the requested items and that the plaintiff's counsel agreed to send him a list. He first received that list in the form of the plaintiff's attorney's affidavit of July 26, sent by telecopier to Manion's attorney's office on Friday, July 27. Manion averred that he had provided all records in his possession or under his control.

The court found that the defendants "engaged in a pattern of abuse of the discovery process" that included failure to respond to the discovery requested, blatant disregard of court orders, promises to produce documents and subsequent failure to do so, and a "complete and utter" failure to comply with discovery statutes. The court found that the defendants were unable to offer any justification for their actions and failed to demonstrate any justifiable excuse for the delays and failures to produce. It concluded that this conduct was undertaken in bad faith, solely to prohibit the prosecution of the case. The court granted the damages sought in the complaint, pursuant to the racketeering statutes, in the amount of

$2,500,000 plus attorney's fees to be determined later. No further argument or hearings addressed the question of damages. The trial court stayed execution of the judgment pending appeal.[2]

Default judgment may be granted as a sanction for violation of discovery statutes or orders. Section 804.12(2)(a)3, Stats. The decision is discretionary with the trial court. *Midwest Developers v. Goma Corp.,* 121 Wis. 2d 632, 650, 360 N.W.2d 554, 563 (Ct. App. 1984). We review for abuse of that discretion. A court properly exercises its discretion if it examines relevant facts, applies a proper standard of law and, using a demonstrated rational process, reaches a conclusion that a reasonable judge could reach. *Loy v. Bunderson,* 107 Wis. 2d 400, 414–15, 320 N.W.2d 175, 184 (1982).

The defendants argue that they have complied with all court orders and provided all the materials they have. We conclude that the trial court did not abuse its discretion by deciding otherwise. The record contains numerous instances of the defendants' failure to provide adequate discovery. The defendants provided documents that were obviously incomplete. Sometimes additional documents were produced after they said no more existed, or the defendants said no more documents could be found after earlier saying they existed. The defendants did not make sufficient effort to obtain documents that were not in their possession. For instance, Manion admitted to not contacting his accountant to obtain copies of tax records that were likely in the accountant's

---

[2]This appeal was delayed when the company filed for bankruptcy and was covered by the automatic stay. That stay was lifted with respect to this case, and by our order of June 11, 1991, the appeal has proceeded with both appellants.

possession, or contacting his bank for complete financial information. The record also shows that the defendants may have provided altered copies. In one instance, they produced a copy of a Georgia newspaper article from which a relevant paragraph had been deleted. When shown an accurate copy obtained from a library, Manion stated the copies were exactly the same. The chronology we outlined earlier shows a pattern of last-minute offerings of inadequate material and failure to respond to the plaintiff's attempts at communication. The court did not abuse its discretion.

The defendants also argue that the trial court should have required proof of damages before entering the default judgment. Citing *Midwest,* they argue that such proof is required when damages are at issue or contested. In *Midwest,* the trial court granted a default judgment of approximately $300,000 for failure to provide discovery. The default judgment statute provides that "[i]f proof of any fact is necessary for the court to render judgment, the court shall receive the proof." Section 806.02(5), Stats. The issue was whether the trial court properly determined that no proof of damages was necessary to render the default judgment. *Midwest,* 121 Wis. 2d at 651, 360 N.W.2d at 564. The opinion noted that no Wisconsin decisions have interpreted when a trial court must receive proof as to damages in a default judgment. *Id.* Relying on a Seventh Circuit case applying analogous federal law, the court held that when a defendant has been notified of the amount claimed as damages and never questions or challenges that amount, no hearing is required on that issue. *Id.* at 652–53, 360 N.W.2d at 564–65.

The defendants claim that damages were "aggressively contested throughout the case" but provide no

examples. We have examined the record and found no evidence that damages were contested. "Contested" in this context means more than a denial in the answer. The context is that the court granted a default judgment, after numerous hearings, as a sanction for failure to provide discovery. The complaint and the motions for default and summary judgment stated the damages claimed and the basis for that figure. Defense counsel did not raise the issue of damages in any of the hearings on the motions for summary or default judgment. The defendants did not move for a hearing on damages. A default judgment defendant may also present proof relating to damages by affidavit, *id.* at 651, 360 N.W.2d at 564, but the defendants presented no affidavits or other proof disputing the plaintiff's damages figure.

We conclude that, as in *Midwest,* the defendants had ample notice of the damages sought and by failing to raise the issue have waived it. As we have described, the record shows a consistent pattern of discovery delay and abuse. When a trial court grants a default judgment as a sanction for such conduct and the defendants do not contest the amount, we see no reason to give them further opportunity for delay and abuse by remanding.[3]

The defendants also argue that the court should have considered a less drastic remedy, such as an order

[3]We emphasize that *Midwest Developers v. Goma Corp.,* 121 Wis. 2d 632, 360 N.W.2d 554 (Ct. App. 1984), also was a discovery sanctions default judgment case. However, when a default judgment is granted for more typical procedural reasons and a defendant fails to contest damages, it may be appropriate for the trial court to take proof of damages. *See* sec. 806.02(5), Stats.; *see also Gaertner v. 880 Corp.,* 131 Wis. 2d 492, 503-06, 389 N.W.2d 59, 63-65 (Ct. App. 1986).

establishing certain facts. The record does not show that the defendants sought such an alternative from the plaintiff or the court. Manion argues that the court erred by granting judgment against both defendants, since his only failure as an individual defendant was with his own personal financial records. This argument was not presented to the trial court. We decline to remand for consideration of these issues, stressing again the context and basis for this default judgment.

*By the Court.*—Judgment affirmed.