EAST WINDS PROPERTIES, LLC,
Plaintiff-Respondent,

v.

Troy JAHNKE, Defendant-Appellant.

Court of Appeals

*No. 2008AP2453. Submitted on briefs June 2, 2009.*
*—Decided July 7, 2009.*

2009 WI App 125

(Also reported in 772 N.W.2d 738.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Thomas J. Nitschke* of *Nitschke & Sika, S.C.*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *David A. Melnick* of *Melnick & Melnick, S.C.*, Milwaukee.

. Before Curley, P.J., Fine and Kessler, JJ.

¶ 1. FINE, J. Troy Jahnke appeals the default judgment entered against him on July 7, 2008, for $221,954. Although he does not separately appeal the circuit court's order of September 9, 2008, denying his motion seeking vacatur of the default judgment, and does not even reference the September order in his October 1, 2008, notice of appeal, we construe the notice of appeal to encompass the September 9 order. *See* WIS. STAT. RULE 809.10(1)(f) ("An inconsequential error in the content of the notice of appeal is not a jurisdictional defect."); *cf. State v. Long*, 163 Wis. 2d 261, 263 n.1, 471 N.W.2d 248, 249 n.1 (Ct. App. 1991) (appeal from non-final order denying a motion to suppress evidence construed to encompass the judgment of conviction when the appeal was filed after entry of the judgment).[1] We affirm.

## I.

¶ 2. East Winds Properties, LLC, sued Jahnke and Timothy J. Brophy, Jr., for the alleged breach of their contractual obligations under what the complaint describes as a "Triple Net Lease." The complaint sought to recover $221,954 plus the usual costs. A lawyer representing both Jahnke and Brophy filed an answer and also counterclaimed against East Winds Properties, alleging unjust enrichment and various types of misrepresentation. East Winds Properties replied timely to the counterclaim.

¶ 3. In March of 2007, the firm of Halling and Cayo assumed Jahnke's representation in the matter. In April of 2007, the lawyer who had filed the answer and

---

[1] The Honorable Christopher R. Foley granted the default judgment; the Honorable Thomas R. Cooper denied Troy Jahnke's motion seeking relief from the judgment.

counterclaim on behalf of Jahnke and Brophy withdrew as Brophy's lawyer. The dispute between Brophy and East Winds Properties was settled, and Brophy was dismissed from the action in March of 2008. Brophy is not a party to this appeal.

¶ 4. On August 10, 2007, Jahnke and the firm of Halling and Cayo filed a stipulation dated July 31, 2007, permitting Halling and Cayo to withdraw as Jahnke's counsel. The circuit court entered an order reifying the stipulation on August 10, 2007.

¶ 5. On October 29, 2007, the circuit court entered a scheduling order as the result of a scheduling conference held on October 17, 2007. Jahnke did not attend the conference. The scheduling order required, among other things, Jahnke to submit a witness list, including the names, résumés, and written reports of any experts, and "an itemized statement of damages claimed" by January 15, 2008. East Winds Properties had to file a similar list by March 15, 2008. The scheduling order set May 9, 2008, for the "pretrial conference," and directed that a pretrial report be filed "[o]n or before May 2, 2008," noting that "[t]he report must be signed by the attorney who will try the case (or a party personally, if not represented by counsel)." The scheduling order warned in bold type: "Failure to comply with the terms of this order shall be considered cause for imposing sanctions which may include the dismissal of claims and defenses. See § 804.12 and 805.03 Wis. Stats." The copy of the scheduling order in the court file bears Judge Foley's signature, which appears to have been affixed with a rubber stamp.

¶ 6. East Winds Properties submitted its witness list and itemization of special damages, which was transmitted to the circuit court by a letter dated March

13, 2008, from East Winds Properties's lawyer. The letter indicates that "[b]y copy of this letter we are serving a copy of this document on the defendant, Troy Jahnke." East Winds Properties's pretrial report is dated May 8, 2008, and noted that "Troy Jahnke did not appear at the October 17, 2007 Scheduling Conference and has not retained new counsel." The letter from East Winds Properties's lawyer transmitting the pretrial report to the circuit court advised, "[a]s noted in the report, Troy Jahnke did not appear at the October scheduling conference and to my knowledge he is not represented by counsel at this time. Thus, I do not anticipate that he will appear before the court on June 26, 2008," which was the date the scheduling order set for trial. Jahnke never filed the documents required by the scheduling order.

¶ 7. The pretrial conference was held on May 16, 2008.[2] Jahnke did not appear. After review of the file, the circuit court found Jahnke in default:

> I'm going to strike his answer and grant the default judgment. I think there is some — I have some nominal reservations as to whether or not the formality of notice of motion and motion is appropriate, but if you asked me if Mr. Jahnke's conduct in this litigation, or perhaps more specifically, his lack of conduct in the litigation has reached well beyond the limits of egregious behavior without justifiable excuse, I think the answer to that is quite clearly "yes."[3]

[2] The Record does not reflect why or when the date was moved from May 9. Jahnke does not contend that this discrepancy affects his right to relief.

[3] The circuit court seems to be referring to its earlier comment that: "It's clear where [East Winds Properties's lawyer] thinks this should go. He thinks that Mr. Jahnke's answer should be stricken and default judgment should be granted."

. . . .

> There is literally, other than filing an answer and counterclaim, Mr. Jahnke has done nothing to either effectively respond to the allegations against him made by East Winds or to support his allegations in the counterclaim against East Winds.

. . . .

> Given the level of noncompliance with the scheduling order and total lack of participation in the litigation, I, on my own motion, am striking his answer and granting the default judgment.

(Footnote added.) Before the circuit court would agree to sign a judgment granting to East Winds Properties the $221,954 of damages set out in its pretrial report, it required an affidavit supporting the damages. The affidavit was filed by an accountant with a major accounting firm, and, as we have seen, the circuit court entered judgment for that amount. The letter dated May 28, 2008, transmitting to the circuit court the accountant's affidavit, the order for judgment, and judgment indicates on its face that a copy was sent to Jahnke.

¶ 8. On June 5, 2008, Jahnke sought relief from the circuit court's decision to grant default judgment against him, and asserted that he "was not given notice of the scheduling conference and was not served with a copy of the scheduling order." It also asserted that he "did not receive any notice of the Final Pretrial." Jahnke's motion admitted, however, that he "received a copy of [East Winds Properties]'s pretrial report on or about May 13, 2008 which did not set the date of the Final Pretrial but did state that the trial was scheduled

for June 26, 2008."[4] Jahnke also indicated that "on or about May 30, 2008," he "received a copy of the Order for Judgment." Other than asserting a lack-of-notice defense, Jahnke gave no other reasons why the circuit court should grant him relief from the default judgment.

¶ 9. The circuit court, the Honorable Thomas R. Cooper presiding, held a hearing on Jahnke's motion for relief from the default judgment. Although represented by a lawyer on this appeal, Jahnke appeared at the hearing *pro se.*

¶ 10. During the hearing, Jahnke told the circuit court that he "didn't realize that I was supposed to have attended" the pretrial conference. He said that he was expecting to attend the June 26, 2008, trial. In response to questions posed by East Winds Properties's lawyer, Jahnke admitted that he lived at 1127 South 73rd Street, both at the time of the hearing and in September and October of 2007. East Winds Properties's lawyer then produced a letter dated September 18, 2007, to Jahnke at the South 73rd Street address from Halling and Cayo transmitting a notice setting the scheduling conference for October 17, 2007. The Halling and Cayo letter told Jahnke that he "should attend the Scheduling Conference since we no longer represent you in this matter. If you have any questions, please feel free to call." Jahnke replied that "I don't recall this document exactly, but I've got so many documents on this case that I could have it and —."[5]

---

[4] Actually, it was the letter of transmittal from East Winds Properties's lawyer that referenced the June 26, 2008, trial date.

[5] Jahnke's statement in the transcript on this point ends with the court reporter's "—."

¶ 11. The East Winds Properties lawyer also produced a letter from Halling and Cayo dated October 23, 2007, to Jahnke at the South 73rd Street address, which included a copy of the scheduling order. Halling and Cayo's letter to Jahnke enclosing the scheduling order again told Jahnke that if he had "any questions, please feel free to call." East Winds Properties lawyer asked Jahnke about the October 23 Halling and Cayo letter at the hearing:

Q Did you ask them [Halling and Cayo] any questions about the scheduling order?

A I actually did — I didn't know I was supposed to attend it. I was kind of confused on the matter. I thought I was just supposed to attend the trial.

Q Except on September 18 the letter does say "You should attend the scheduling conference." Take a look in front of you. It does say that, doesn't it?

A Yes.

¶ 12. In denying Jahnke's motion to vacate the default judgment, the circuit court found that Jahnke was "given notice" of the scheduling conference and the deadlines set out in the scheduling order. As we have seen, Jahnke's only defense in the circuit court to the default judgment was his contention that he did not receive such notice. He did not challenge the amount of the judgment.

## II.

¶ 13. WISCONSIN STAT. RULE 805.03 gives circuit courts the authority to dismiss actions or grant default judgment when a party has interfered with what

*Trispel v. Haefer*, 89 Wis. 2d 725, 731, 279 N.W.2d 242, 245 (1979), has referred to as "the orderly administration of justice." RULE 805.03 provides:

> For failure of any claimant to prosecute or for failure of any party to comply with the statutes governing procedure in civil actions or to obey any order of court, the court in which the action is pending may make such orders in regard to the failure as are just, including but not limited to orders authorized under s. 804.12 (2) (a).[6] Any dismissal under this section operates as an adjudication on the merits unless the court in its order for dismissal otherwise specifies for good cause shown recited in the order. A dismissal on the merits may be set aside by the court on the grounds specified in and in accordance with s. 806.07.[7] A dismissal not on the merits may be set aside by the court for good cause shown and within a reasonable time.

(Footnotes added.) In order to justify a dismissal or default judgment under RULE 805.03, the party against whom the sanction is imposed must have engaged in "egregious conduct." *Trispel*, 89 Wis. 2d at 732, 279 N.W.2d at 245 (quoted source and internal quotation marks omitted). Whether to grant dismissal or default judgment is in the circuit court's discretion. *Id.*, 89 Wis. 2d at 729, 733, 279 N.W.2d at 244, 245. A circuit court's findings of fact are binding unless they are "clearly erroneous." WIS. STAT. RULE 805.17(2); *see Brandon Apparel Group, Inc. v. Pearson Properties, Ltd.*,

---

[6] WISCONSIN STAT. RULE 804.12(2)(a)2 permits a circuit court to issue "[a]n order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting the disobedient party from introducing designated matters in evidence."

[7] WISCONSIN STAT. RULE 806.07 permits the circuit court to grant relief from a judgment or order.

2001 WI App 205, ¶ 10, 247 Wis. 2d 521, 531, 634 N.W.2d 544, 549. We will reverse a circuit court's imposition of a sanction "for noncompliance with a court order only when a party shows 'a clear and justifiable excuse' " for the noncompliance. *Buchanan v. General Cas. Co.*, 191 Wis. 2d 1, 7, 528 N.W.2d 457, 460 (Ct. App. 1995) (dismissal) (quoted source omitted). Here, as we have noted, Jahnke's only excuse for noncompliance with the circuit court's scheduling order is his contention that he never received it and thus did not know what he had to do.

¶ 14. Although a dismissal or default judgment may not be imposed unless the sanctioned party knew of that possibility, WIS. STAT. RULE 805.03 and a circuit-court order can give such notice. *Trispel*, 89 Wis. 2d at 736–737, 279 N.W.2d at 247. Here, as we have seen, the scheduling order warned in bold type: "Failure to comply with the terms of this order shall be considered cause for imposing sanctions which may include the dismissal of claims and defenses. See § 804.12 and 805.03 Wis. Stats." As we have also seen, Jahnke's only defense before the circuit court was that he did not receive either the notice setting the October 17 scheduling conference or the scheduling order resulting from that conference. The circuit court held a hearing on Jahnke's contention and found, as we have already indicated, that Jahnke was "given notice" of the scheduling conference and the deadlines set out in the scheduling order. The circuit court is the final arbiter of the credibility of those appearing before it, WIS. STAT. RULE 805.17(2); *Teubel v. Prime Dev., Inc.*, 2002 WI App 26, ¶ 13, 249 Wis. 2d 743, 751, 641 N.W.2d 461, 464, and, accordingly, the circuit court's finding that Jahnke was "given notice" is not "clearly erroneous."

807

■

¶ 15. The issue now turns to whether Jahnke's conduct in the case was sufficiently egregious to warrant having default judgment entered against him. In assessing his conduct, we assume, as the circuit court found, that Jahnke knew that he had to do the things that he did not do.[8]

- Jahnke did not attend the scheduling conference.

- Jahnke did not file his witness list.

- Jahnke did not file an itemization of damages in connection with his counterclaim.

- Jahnke did not file his pretrial report.

- Jahnke did not attend the pretrial conference.[9]

In light of this and the need of the circuit courts to be able to control their calendars to ensure "the orderly administration of justice," *Trispel*, 89 Wis. 2d at 731, 279 N.W.2d at 245, we cannot say that the circuit court

---

[8] The bulk of Jahnke's argument on appeal is, as he argued before the circuit court, that he did not have notice of the matters set out in the directive setting the case for a scheduling conference or the requirements in the scheduling order. That argument is foreclosed, as we have indicated, because the circuit court's finding of fact to the contrary is not "clearly erroneous."

[9] As we have seen, the date of the pretrial conference was apparently moved, but Jahnke does not contend on appeal, and did not contend before the circuit court, that this affects whether he was entitled to have the default judgment vacated. Further, there is no evidence in the Record that Jahnke attended or tried to attend a court hearing in this matter on the May 9, 2008, pretrial date set by the scheduling order, and he does not contend that he did.

erroneously exercised its discretion when it determined that Jahnke's failure to do the things he was required to do was "egregious," *see Sentry Ins. v. Davis*, 2001 WI App 203, ¶ 21 & n.8, 247 Wis. 2d 501, 516–517, 517 n.8, 634 N.W.2d 553, 561–562, 561 n.8 (something may be "egregious" conduct without having been done in bad faith) (recognizing the dictionary definition of " 'egregious' " as " 'extraordinary in some bad way; glaring, flagrant' "). Stated another way, Jahnke's noncompliance with the circuit court's scheduling order and inaction in the case was " 'extreme, substantial, and persistent.' " *See Industrial Roofing Servs., Inc. v. Marquardt*, 2007 WI 19, ¶ 43, 299 Wis. 2d 81, 97, 726 N.W.2d 898, 907 (dismissal) (quoted source omitted).

¶ 16. Jahnke also contends in his main brief on this appeal that he did not know how much he would have to pay if default judgment was entered against him: "Appellant was not put on notice of the amount he stood to lose prior to the entry of the default judgment on August 25, 2008 [*sic*—the default judgment for $221,954 was entered July 7, 2008]. Indeed, Appellant was never provided with notice of his potential maximum liability." This is not true. First, as we have seen, the complaint, to which Jahnke filed an answer and counterclaim, sought damages in the amount awarded by the default judgment. Second, as we have also seen, Jahnke admitted in his motion for relief from the default judgment that he received a copy of East Winds Properties's pretrial report; that report also put Jahnke on notice that East Winds Properties was seeking, as phrased by the report, "$221,954 in damages: $71,000 for unpaid rent; $135,000 for unpaid option payments; and $15,954 related to unpaid expenses." Significantly, Jahnke did not challenge be-

fore the circuit court the *amount* of the default judgment and does not do so on appeal. Thus, his complaint about the amount of damages awarded by the default judgment is without merit. *See Kerans v. Manion Outdoors Co., Inc.*, 167 Wis. 2d 122, 131, 482 N.W.2d 110, 113 (Ct. App. 1992) ("[W]hen a defendant has been notified of the amount claimed as damages and never questions or challenges that amount, no hearing is required on that issue.").

¶ 17. We affirm.[10]

*By the Court.*—Judgment and order affirmed.

---

[10] For the first time in his reply brief on this appeal Jahnke contends that he should be excused from having to comply with the scheduling order because "assuming he received the letter from his former counsel, the Civil Division Scheduling Order which was attached to the letter was unsigned and undated and in fact was being submitted to the court for signature." Jahnke did not argue this alleged "defect" before the circuit court, *see Wirth v. Ehly*, 93 Wis. 2d 433, 443–444, 287 N.W.2d 140, 145–146 (1980) (generally, an appellate court will not review an issue raised for the first time on appeal), and, moreover, we do not consider matters raised for the first time in an appellant's reply brief, *see State v. Marquardt*, 2001 WI App 219, ¶ 14 n.3, 247 Wis. 2d 765, 775 n.3, 635 N.W.2d 188, 193 n.3. Accordingly, we do not discuss it further.