KESSLER, P.J.
¶1 Linda Haynes appeals an order of the circuit court dismissing her action against Dr. Cully White, Aurora Health Care, Inc., Aurora Health Care Metro, Inc., and the Injured Patients and Families Compensation Fund (collectively, the defendants). Haynes argues that the circuit court erred in determining that she was not a resident of Wisconsin, thus requiring her to pay security for costs pursuant to WIS. STAT. § 814.28 (2017-18).[1] She also argues that the court erred in dismissing her action pursuant to WIS. STAT. § 805.03. We affirm.
BACKGROUND
¶2 This case has a long and complicated procedural history. We relate only those parts of that history pertinent to this appeal. On September 14, 2015, Haynes commenced a medical malpractice action against the defendants. It is undisputed that Haynes was a Wisconsin resident at the time she commenced the lawsuit. During the course of discovery, the defendants deposed Haynes. As relevant to this appeal, the following exchange took place at a deposition on February 10, 2017:
Q When we took your deposition, you were living at 34[th] Street here in Milwaukee?
[Haynes] Yes.
Q Do you still live there?
[Haynes] No.
Q Where do you live now?
[Haynes] 187 Kristie Lane, in Tyrone, Georgia.
....
Q Is that a suburb of Atlanta?
....
[Haynes] Yes, it is.
Q Okay.... All right. So that's your permanent residence now?
[Haynes] That's -- yes, you could say that.
Q How long have you been there?
[Haynes] I've been there about, I don't know, a couple of months.
Q And your intent, though, is to stay?
[Haynes] To stay in the South somewhere. I'm actually looking for someplace to reside, you know, in my retirement.
Q Sure.
[Haynes] So this will be Georgia, Florida, Texas, somewhere like that.
Q So just to finish this off, did you own the property [a]t 727 North 34[th] [in Milwaukee]?
[Haynes] Yes.
Q And have you sold that?
[Haynes] No.
Q Is it on the market, though?
[Haynes] Yeah.
¶3 Following the deposition, all defendants moved for security for costs pursuant to WIS. STAT. § 814.28 on the basis that Haynes no longer lived in Wisconsin. Haynes opposed the motion, arguing that she had numerous ties to Wisconsin, including her car and voter registrations, and that she planned to return to Milwaukee. Haynes also submitted a supporting affidavit, dated May 18, 2017, which detailed her ties to Wisconsin and stated that she decided to return to Milwaukee following her February 2017 deposition. The affidavit also stated that Haynes was in the process of returning from Georgia to Milwaukee and would be remaining in Milwaukee.
¶4 On July 5, 2017, the circuit court held a hearing on the defendants' motions. At the hearing, Haynes acknowledged her February 2017 deposition testimony, but testified that she returned to Milwaukee after the deposition upon the birth of her grandchild in March 2017. Haynes testified that she lived in Milwaukee, had a Wisconsin driver's license, had a Wisconsin bank account, paid taxes in Wisconsin, voted in Wisconsin, and that a majority of her family lived in Wisconsin. Haynes also testified that she began the process of moving to Georgia in 2016 because she wanted to relocate to the South and that she transported many personal items to Georgia. She testified that those items, as of the time of the hearing, were back in Wisconsin and that she no longer had any intention of relocating to the South. She testified that the home she owned in Wisconsin was being foreclosed upon, that she was current on her property taxes, and that she was residing at her niece's home. Haynes testified that she spent a "majority of time" in Wisconsin following the February 2017 deposition, but also acknowledged that she travelled throughout the South since that time. The court questioned Haynes about her May 2017 affidavit, which was notarized in Georgia, despite Haynes's testimony that she returned to Wisconsin following her February 2017 deposition. Haynes admitted that she was in Georgia in May 2017.
¶5 The circuit court granted the defendants' motions for security for costs, finding that Haynes did not maintain sufficient ties to Wisconsin following the commencement of her lawsuit:
That as of the time of her deposition, Ms. Haynes did not demonstrate sufficient ties to the State of Wisconsin to be considered, in the eyes of this Court, as a resident. However, as she very aptly pointed out, people can change their minds and they can move here. They can move there. And she maintains that she has returned to the State of Wisconsin to stay for the foreseeable future.
... She never indicated, in the Court's estimation, a firm statement that she wanted to be a permanent resident of Georgia. However, all of her behavior certainly would lead one to that reasonable and logical conclusion at the time that her deposition was taken....
What concerns the Court specifically is that Ms. Haynes no longer owns any real estate here. She can collect her pension wherever she is. She can bank wherever she wants to bank. She can register her car wherever she chooses. And in fact, many people move to other states and don't update their driver's license or their documentation until it comes time to renew. But the Court always constantly has to assess the credibility of the witness.
....
The Court takes notice, as I have earlier, that the affidavit that was subscribed and sworn to before a notary public on May 18th, 2017, was subscribed by Ms. Haynes and sworn to by a notary public in the State of Georgia in Coweta County. Those facts, the answers that have been provided to the Court today, and the direct contradictions coupled with the deposition testimony previously given, lead the Court to the conclusion that it is appropriate in this case to require that Ms. Haynes post a bond in this matter in the amount of $ 20,000. In lieu of the bond, the Court will be satisfied for Ms. Haynes to post $ 10,000 in cash, all right, in order to continue this action.
The circuit court issued a written order on July 24, 2017, staying Haynes's action until she complied with the court's order.
¶6 Haynes did not post the security for costs, nor did she file a motion for reconsideration of the circuit court's order. On August 16, 2017, White filed a motion to dismiss Haynes's action based on Haynes's failure to post the security for costs within twenty days after service of the circuit court's order. See WIS. STAT. § 814.28(2) and (3). The remaining defendants joined the motion.
¶7 Haynes's response to the motion asked the circuit court to vacate its July 24, 2017 order because "the Court erred in finding that [Haynes] is a nonresident." Haynes detailed her ties to Wisconsin and submitted documents supporting her claim that there were no tax judgments against her.
¶8 At the hearing on the motion, the circuit court noted that Haynes did not actually respond to the defendants' motion to dismiss:
The order, the scheduling order that this court signed, which led us to the briefing of this issue and to this hearing today, ordered you to respond to the motion to dismiss ... regarding the plaintiff's failure to comply with Wisconsin Statute Section 814.28.... [W]e've litigated the issue of her residency. I made my ruling. I made an order[.] And you were to respond as to why you did not comply with that order. And you have not done so.
You've continued, in your submission, to argue that the court was mistaken or erred in imposing that order in the first place. So you haven't addressed why your client has failed to comply with my order to post the security for costs.
¶9 Haynes, through counsel, maintained her position that the circuit court erred in its residency determination, telling the court that Haynes "would sooner appeal your order than comply with it." The court, in a lengthy and thoughtful response, told Haynes it would give her one final opportunity to file a motion to reconsider the residency issue, stating:
You can continue to disregard the court's order to post the bond, or the cash, or you can file a formal motion for the court to reconsider and present the court with appropriate proofs, by affidavits and exhibits, that your client has changed her circumstance ... and ... why she is unable to comply with the court's order, if there's some financial issue.
The circuit court issued a written order instructing Haynes "to file a formal motion to reconsider the Court's order of July 24, 2017, regarding the July 5, 2017, hearing by presenting the Court with appropriate proofs that plaintiff, Linda Haynes, is unable to comply with the Court's order of July 24, 2017, or that her circumstances have changed." The order also stated that if Haynes fails to "file a proper motion to reconsider the defendants may re-calendar, for hearing, their motions for dismissal."
¶10 Haynes did not file a motion for reconsideration, nor did she post the security for costs. Haynes notified the circuit court that she filed an appeal of the court's residency ruling.
¶11 The defendants renewed their motions to dismiss under WIS. STAT. § 814.28 and also moved to dismiss Haynes's action under WIS. STAT. § 805.03 for failure to prosecute. The circuit court stayed the motions pending resolution of Haynes's appeal. On February 5, 2018, this court dismissed Haynes's appeal because Haynes did not appeal from a final order of the circuit court.
¶12 On March 7, 2018, the circuit court held a hearing on the defendants' renewed motions to dismiss. The court granted the defendants' motions, stating:
The plaintiff took exception to the Court's ruling on the record but never formally filed any Motion to Reconsider. And the Court invited you ... several times to tell the Court in a formal Motion to Reconsider why your client was unable to comply with the Court's order. And in fact, as I recall, I specifically gave you two bases on which to ask the Court to reconsider.
....
... None of those were offered to the Court. And in fact the plaintiff failed to bring any motion before the Court requesting that I reconsider my factual determinations. Instead, the plaintiff responded to the defense Motion to Dismiss and offered no new information or information that was not uncovered and not made known to the Court at the time of the hearing that would allow the Court to revisit its factual determination.
....
This puts the Court in an awkward position ... because we do have, in this Court's estimation, a situation where the plaintiff has in fact failed to prosecute its claims by failing to follow the Court's order imposed under [ WIS. STAT. §] 814.28 and failing -- so not only did you fail to comply with that order, you have failed despite my numerous invitations to formally ask the Court to reconsider its ruling based on any additional information you might have.
....
The Court, therefore, concludes that the plaintiff's conduct in this matter -- procedural conduct in this matter -- is, therefore, egregious since it is without clear and justifiable excuse. And the Court will grant the defense Motion to Dismiss.
This appeal follows.
DISCUSSION
¶13 On appeal Haynes contends that the circuit court erroneously exercised its discretion by finding that she was not a Wisconsin resident and by requiring her to pay security for costs pursuant to WIS. STAT. § 814.28. Haynes also contends that the court erred in dismissing her case for failing to pay costs and for failing to prosecute pursuant to WIS. STAT. § 805.03.
I. Security for Costs
¶14 WISCONSIN STAT. § 814.28 provides:
(1) Defendant may require. Except as otherwise provided by s. 814.29, the defendant may require the plaintiffs to file security for costs if the plaintiffs are all nonresidents; or are foreign corporations, nonresident personal representatives, guardians, trustees, or receivers; or are trustees or assignees of any debtor; or are imprisoned for crime for terms less than life; or shall take issue upon the answer of the garnishee.
(2) Order for security. Upon proof by affidavit entitling the defendant to security for costs, the court shall order the plaintiffs to file security for costs in a sum mentioned in the affidavit, not less than $ 250, within 20 days after the service upon the plaintiffs of a copy of the order requiring the security for costs, and that all proceedings on the part of the plaintiffs be stayed until security is filed.
¶15 A circuit court's finding of residency is a finding of fact. See Tellurian U.C.A.N., Inc. v. Goodrich , 178 Wis. 2d 205, 215, 504 N.W.2d 342 (Ct. App. 1993) (residency analysis requires a determination of intent, which can be determined only by inference from historical fact). A circuit court's finding of fact may be upset only if it is clearly erroneous. Lessor v. Wangelin , 221 Wis. 2d 659, 665, 586 N.W.2d 1 (Ct. App. 1998). A circuit court's finding of fact is not clearly erroneous unless against the great weight and clear preponderance of the evidence. Royster-Clark, Inc. v. Olsen's Mill, Inc. , 2006 WI 46, ¶12, 290 Wis. 2d 264, 714 N.W.2d 530.
¶16 Once a circuit court has made the factual determination that a plaintiff is not a resident of Wisconsin, the order for security for costs is nondiscretionary. Sheldon v. Nick & Sons, Inc. , 253 Wis. 162, 33 N.W.2d 260 (1948) (in statutory predecessor to WIS. STAT. § 814.28 requiring plaintiff to give security for costs, the word "shall" is mandatory and denotes an absolute requirement). Accordingly, we must first determine whether the circuit court erroneously exercised its discretion in determining that Haynes was not a Wisconsin resident. Although Haynes contends that the circuit court relied on erroneous facts, we conclude that the court's determination is supported by the record.
¶17 At the July 5, 2017 hearing, the circuit court heard lengthy testimony from Haynes in which Haynes admitted to spending considerable time outside of Wisconsin. Haynes admitted the truthfulness of her February 2017 deposition testimony in which she responded "yes, you could say that" when asked whether she permanently resided in Georgia and in which she stated her intention to retire in a southern state. Although Haynes described her various ties to Wisconsin, she also told the court that she no longer owned property in Wisconsin and had many personal items relocated to Georgia. The court also recognized that several of Haynes's ties to Wisconsin-her driver's license, her pension, and her bank accounts-were ties that could be continued from outside of the State. The court also noted that while Haynes claimed to spend a majority of time in Wisconsin following the February 2017 deposition, she also admitted to visiting multiple southern states during that time. Haynes also admitted that her May 2017 affidavit, in which she stated her intention to move back to Wisconsin, was notarized in Georgia because she was in Georgia at the time. The court found Haynes's testimony not credible, noting contradictions between her testimony and her affidavits. We accept the circuit court's express and implicit determinations as to the weight and credibility of evidence. Jacobson v. American Tool Cos. , 222 Wis. 2d 384, 390, 588 N.W.2d 67 (Ct. App. 1998).[2] We conclude that the circuit court's findings regarding Haynes's residency were based on its determinations regarding the credibility and the weight of the evidence in the record and are therefore not clearly erroneous.
II. Dismissal
¶18 Having determined that the circuit court did not erroneously exercise its discretion in finding Haynes to be a nonresident, we turn to the question of whether the court erroneously exercised its discretion in dismissing Haynes's case.
¶19 After Haynes failed to post the security for costs, all of the defendants moved for dismissal of the action under WIS. STAT. § 814.28(3). The statute provides:
Security, how given. Within the time required the plaintiffs shall file with the clerk of the court, and give the defendant notice thereof, an undertaking with sureties, each of whom shall justify, by affidavit, in the sum stated in the undertaking, above liabilities and exemptions, in property in this state, conditioned to pay on demand all costs that may be awarded to the defendant in such action in any court, not exceeding the sum mentioned in such order. Upon failure to file such undertaking the court may, upon motion of the defendant, dismiss the action.
¶20 "[F]ailure to give or furnish the required security for costs has been uniformly held to be a ground for dismissal of the action." Sheldon , 253 Wis. 162 at 165.
¶21 The parties also moved for dismissal pursuant to WIS. STAT. § 805.03, which provides:
For failure of any claimant to prosecute or for failure of any party to comply with the statutes governing procedure in civil actions or to obey any order of court, the court in which the action is pending may make such orders in regard to the failure as are just, including but not limited to orders authorized under s. 804.12(2)(a). Any dismissal under this section operates as an adjudication on the merits unless the court in its order for dismissal otherwise specifies for good cause shown recited in the order....
¶22 Haynes did not develop an argument that the circuit court erred in dismissing her case under WIS. STAT. § 814.28(3) either before the circuit court or on appeal. Indeed, in the circuit court, Haynes argued that "[r]egardless of whether the court has cause to dismiss this action pursuant to [ WIS. STAT. ] § 814.28(3), there is no just cause to dismiss this action pursuant to [ WIS. STAT. ] § 805.05." Thus, we could affirm the circuit court based solely on its dismissal of this case under § 814.28(3). However, for the sake of completeness, we provide an explanation as to why the court also properly dismissed the case under § 805.03.
¶23 The decision to dismiss an action as a sanction for failure to prosecute rests within the circuit court's discretion. Monson v. Madison Family Inst. , 162 Wis. 2d 212, 224, 470 N.W.2d 853 (1991). We will sustain a discretionary decision "if the circuit court has examined the relevant facts, applied a proper standard of law, and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach." Schneller v. St. Mary's Hosp. Med. Ctr. , 162 Wis. 2d 296, 306, 470 N.W.2d 873 (1991). The circuit court's factual findings are binding on this court "unless they are 'clearly erroneous.' " East Winds Props., LLC v. Jahnke , 2009 WI App 125, ¶13, 320 Wis. 2d 797, 772 N.W.2d 738 (citations omitted). A circuit court's sanction of dismissal is legally proper if the sanctioned party has acted egregiously or in bad faith. Industrial Roofing Servs. v. Marquardt , 2007 WI 19, ¶43, 299 Wis. 2d 81, 726 N.W.2d 898.
¶24 The circuit court observed that it "devoted significant time" to Haynes's case without even having reached the merits of the case, but noted that Haynes's conduct "left the Court with little choice" but to dismiss. The court stated that it was "unable to find any clear and justifiable excuse for the plaintiff's continued failure to comply with the Court orders or failure to prosecute this action when I've given so many opportunities to the plaintiff to do so." The record supports the court's determination.
¶25 It is undisputed that Haynes did not comply with the circuit court's order to post the security for costs. Nor did Haynes file a motion for reconsideration of the circuit court's residency determination. Despite multiple opportunities provided by the court for Haynes to file a motion for reconsideration, Haynes continued to argue the court's residency finding without explaining why she did not file the appropriate motion. Moreover, Haynes's counsel informed the court that Haynes had no intention of complying with the order, stating that Haynes "would sooner appeal the order than comply with it." When this court dismissed Haynes's appeal and the defendants renewed their motions to dismiss, the circuit court set a briefing schedule. Rather than respond to the substance of defendants' motions to dismiss, Haynes continued to argue the residency issue, effectively ignoring the court-ordered briefing schedule.
¶26 The record supports the circuit court's finding that Haynes failed to offer a clear and justifiable excuse for failing to prosecute this case by not complying with court orders. We are satisfied that the circuit court reasonably exercised its broad discretion when it dismissed the case.
¶27 For the foregoing reasons, we affirm the circuit court.
By the Court. -Order affirmed.
Not recommended for publication in the official reports.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Following the circuit court's July 24, 2017 order, Haynes submitted an affidavit with information which Haynes contends demonstrated that the circuit court made some erroneous factual findings at the July 5, 2017 hearing. However, Haynes never filed a motion for reconsideration which would have allowed the circuit court to review additional factual information. Indeed, the court provided Haynes multiple opportunities to file a motion for reconsideration, but Haynes did not do so. Accordingly, we conclude that Haynes forfeited the opportunity to have this court review the material she considers to be factually erroneous. Moreover, the facts that Haynes contends are erroneous are inconsequential to the circuit court's determination that Haynes was not a Wisconsin resident. An appellate court searches the record for evidence that could support the circuit court's factual findings. See Johnson v. Merta , 95 Wis. 2d 141, 154, 289 N.W.2d 813 (1980).