KESSLER, J.
¶1 Keystone Insights appeals an order of the circuit court granting summary judgment in favor of Benjamin DeBruin. Keystone argues that a genuine issue of material fact precludes summary judgment and that the circuit court erred in granting a default judgment in favor of DeBruin. We affirm in part, reverse in part, and remand with directions.
BACKGROUND
¶2 On December 18, 2014, DeBruin signed a contract with Keystone, an educational software company, to act as its vice president of sales. The contract, labeled a "Memorandum of Understanding," provided:
Payment for Services:
• Initially $8,000/month. This will be increased to $10,000 upon successfully achieving $600,000 in fund raising for our next round. For your information, we are at about $325,000 toward that goal.
¶3 It is undisputed that at some point Keystone stopped paying DeBruin. On March 9, 2017, DeBruin sent an email to William Mortimore, the CEO of Keystone, addressing the lack of payments:
To make sure that we're on the same page regarding the amount of money that is still owed to me, I have attached a spreadsheet that I've been keeping since I started.... It has all the details of invoices submitted, dates paid, etc. At the bottom of the first tab, I spelled out clearly each portion ... and the total (just shy of $42,000)[.]
Mortimore responded: "We match exactly." The parties then engaged in a series of emails, in which DeBruin repeatedly asked for money owed and in which Mortimore repeatedly acknowledged DeBruin's requests. Specifically, Mortimore told DeBruin that he was "starting the raising of working capital," and was "[g]etting closer" to working out a payment plan. Ultimately, Mortimore told DeBruin that he was "sensitive" to DeBruin's "needs, but [his] need cannot yet be fulfilled."
¶4 DeBruin commenced the lawsuit underlying this appeal and ultimately moved for summary judgment arguing that Keystone breached its contract with DeBruin by failing to pay him pursuant to the terms of the contract. DeBruin alleged that Keystone owed him $41,917.
¶5 Keystone failed to appear at the hearing on the summary judgment motion. The circuit court found that there was no genuine issue of material fact as to Keystone's breach of contract. The court also stated that it did not have sufficient information to determine the amount owed to DeBruin; however, when DeBruin's counsel alerted the court that it overlooked an exhibit itemizing DeBruin's work and the amounts owed, the court stated:
You know what, I'm going to rethink this. I'm going to find that number one, Keystone has failed to appear today. They are in default and being in default, I will enter judgment in the amount of money owed to Mr. DeBruin of $41,917[.]
...
So I will grant summary judgment as to the breach of contract and as to the amount of money owed finding that Keystone is in default for having failed to appear for this hearing today.
This appeal follows.
DISCUSSION
¶6 On appeal, Keystone contends that genuine issues of material fact precluded summary judgment and that the circuit court erred in awarding DeBruin $41,917 after erroneously finding Keystone in default. We conclude that the circuit court properly awarded summary judgment on DeBruin's breach of contract claim, but that a genuine question of material facts exists as to the amount owed to DeBruin.
Summary Judgment
¶7 We review a grant of summary judgment de novo. See Tews v. NHI, LLC , 2010 WI 137, ¶40, 330 Wis. 2d 389, 793 N.W.2d 860. "The summary judgment methodology is well established." See id. , ¶41. We first examine the pleadings to determine whether claims have been stated. See id. If so, we examine the moving party's submissions to determine whether it has made a prima facie case for summary judgment. See id. If a prima facie case for summary judgment exists, we examine the opposing party's affidavits and other proof to determine whether summary judgment is appropriate. See id.
¶8 Summary judgment must be granted when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. WIS. STAT. § 802.08(2) (2017-18).[1] "The purpose of the summary judgment procedure is to avoid trials when there is nothing to try." Tews , 330 Wis. 2d 389, ¶42. In reviewing the parties' submissions, we draw all reasonable inferences in the light most favorable to the nonmoving party. See Pum v. Wisconsin Physicians Serv. Ins. Corp. , 2007 WI App 10, ¶6, 298 Wis. 2d 497, 727 N.W.2d 346 (2006). "Whether an inference is reasonable and whether more than one inference may be drawn are questions of law." Id.
¶9 A breach of contract claim requires proof of three elements: (1) "a contract between the plaintiff and the defendant"; (2) "failure of the defendant to do what it undertook to do"; and (3) damages. See Brew City Redevelopment Grp., LLC v. The Ferchill Grp. , 2006 WI App 39, ¶11, 289 Wis. 2d 795, 714 N.W.2d 582.
¶10 Keystone argues that DeBruin's compensation was contingent upon job performance, that Keystone was "abundantly clear" that DeBruin would only be compensated if Keystone generated certain profits, and that the emails between DeBruin and Mortimore do not constitute an admission of the amount owed to DeBruin. We disagree.
¶11 Here, the Memorandum of Understanding between the parties, though sparse in its wording, clearly constitutes a contract. The parties entered into a written agreement which unambiguously states that DeBruin would be compensated at a rate of $8000 per month for his services until certain fundraising efforts were reached. At that time, DeBruin would be entitled to a salary increase. It is undisputed that: Keystone stopped paying DeBruin even the $8000 per month set out in the written agreement; DeBruin made multiple efforts to receive his compensation; and that Keystone acknowledged its failure to pay DeBruin.
¶12 Keystone argues at length about why it stopped paying DeBruin. However, Keystone fails to acknowledge that the contract does not make DeBruin's compensation dependent on his job performance. Finally, it is undisputed that DeBruin incurred damages when Keystone refused to pay DeBruin. DeBruin sent Mortimore multiple emails stressing his need for the missing Keystone payments. Mortimore acknowledged the emails. The circuit court did not err when it granted DeBruin's motion for summary judgment based on breach of contract.
Default Judgment
¶13 Keystone contends that the circuit court erred in granting DeBruin a default judgment because Keystone was not given a notice of motion for default judgment as required by WIS. STAT. § 806.02(1).[2]
¶14 A circuit court can properly impose default judgment as a sanction when: (1) the party against whom the sanction is imposed had notice that default judgment was a possible sanction for his or her conduct, see East Winds Props., LLC v. Jahnke , 2009 WI App 125, ¶14, 320 Wis. 2d 797, 772 N.W.2d 738 ; (2) the party's conduct was egregious; and (3) there was no clear and justifiable excuse for the party's noncompliance, see Theis v. Short , 2010 WI App 108, ¶6, 328 Wis. 2d 162, 789 N.W.2d 585.
¶15 Here, the circuit court found that Keystone's failure to appear warranted default judgment and the award of the damages sought by DeBruin. We disagree. Although Keystone was given notice of a motion for summary judgment, failure to appear at the summary judgment hearing resulted in the grant of DeBruin's motion for summary judgment in which DeBruin sought what he calculated to be amounts owed. This was not a grant of default judgment as described in WIS. STAT. § 806.02.[3] We affirm the court's grant of summary judgment on the breach of contract.
¶16 However, we conclude that there is a genuine issue of material fact precluding summary judgment as to the amount owed to DeBruin. The record is unclear as to whether the fundraising amount required to increase DeBruin's salary was ever reached. We therefore reverse that aspect of the summary judgment and remand this matter to the circuit court for a hearing on the amount owed to DeBruin.
By the Court. -Order affirmed in part, reversed in part, and cause remanded with directions.
Not recommended for publication in the official reports.

All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

Wisconsin Stat. § 806.02(1) provides:
A default judgment may be rendered in favor of any party as provided in subs. (1) to (4) if no issue of law or fact has been joined on any claim asserted in a complaint, counterclaim, or cross claim and if the time for joining issue has expired. Any defendant appearing in an action shall be entitled to notice of motion for judgment.

The circuit court described its decision as a granting of default judgment. That was a mistaken characterization of the motion before the court. Keystone has not asserted a lack of notice of the final hearing on the summary judgment, which is the hearing at issue here.